## Maynard v. Farley, et al.

(Decided March 23, 1923.)

### Appeal from Pike Circuit Court.

1. **Appeal and Error—Failure of Petition to Allege Performance of Condition Cannot be First Raised on Appeal.**—The objection that the petition to quiet title to land against defendant's claim of right to trees which he had failed to remove within the time required by the sale of the trees to him did not state a cause of action because it failed to allege that plaintiff's had furnished defendant a road over their adjoining lands to haul the trees to market as the deed obligated them to do cannot be raised on appeal, where the sufficiency of the petition was not questioned below by demurrer or otherwise.

2. **Logs and Logging—Answer to Petition to Quiet Title to Trees Held Insufficient.**—Where the petition sought to quiet title against plaintiff's claim of ownership of trees which he had failed to remove within the time agreed, an answer which denied plaintiffs owned the trees, or that defendant had lost title thereto by failure to remove them, alleged that defendant had paid for the trees, and the title remained in him dispite his failure to remove them, that be-

cause of world war conditions he was unable to procure help to remove them, and that, if defendant did not still own the trees, he was entitled to recover the amount he paid for them with interest, was insufficient to state either a defense or a counterclaim.

3. Logs and Logging—Purchaser of Trees has no Right to Those not Removed Within Time Prescribed by Contract.—The purchaser of growing trees on the land of another, to be removed within time fixed in contract, acquires title only to those which he removes within that time, and has no remedy as to those not removed unless he was prevented by the act of God or the act of the seller from removing them.

4. Logs and Logging—Purchaser of Trees Cannot Recover Consideration Paid for Those He Failed to Remove in Time.—One who purchased and paid cash for trees on the land of another, agreeing to remove them within five years, is not entitled to recover the consideration paid because he lost title to the trees by failing to remove them within the time prescribed.

5. Estoppel—Finding landowner was not Estopped to Enforce Time Limit for Removal of Trees Held Sustained by Evidence.—Evidence that neither of the plaintiffs ever said anything to defendant indicating they would not insist upon the provisions of the contract fixing the time within which the trees sold must be removed, and that they denied making the statements attributed to them by two witnesses for defendant, held to sustain the chancellor's finding that such statements were not made to those witnesses, so that plaintiffs were not estopped to deny the right to remove the trees subsequently, even if statements to third persons would create such estoppel.

F. W. STOWERS for appellant.

WILLIS STATON for appellees.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

In October, 1912, appellees, Matilda Farley and her husband, sold and by deed conveyed to appellant 478 marked trees standing on land owned by Mrs. Farley, and it was stipulated in the deed that the trees were to be cut and removed from the land within five years thereafter.

In May, 1920, Mrs. Farley and her husband instituted this action against Maynard to quiet her title to the land, alleging that the defendant was casting a cloud upon same by persistently claiming under his recorded deed title to the trees which he had not cut or removed, and from a judgment in favor of plaintiffs defendant has appealed.

It is first urged that the petition did not state a cause of action because of failure to allege that plaintiffs had furnished defendant a road over adjoining lands to enable him to haul the trees from their land to market, as it is claimed the deed obligated them to do. But this question is not here, since the sufficiency of the petition was not questioned below by demurrer or otherwise.

The next contention, or rather suggestion, is that the court erred in sustaining demurrers to paragraphs one, two, four and five of the defendant's answer and counterclaim, but this contention is entirely groundless, since only the conclusions of law and none of the facts alleged in the petition are denied, and no one, nor all, of these paragraphs allege facts sufficient to state either a defense or a counterclaim.

The first paragraph simply denies that plaintiffs owned the trees, or that defendant had lost title thereto by his failure to remove same within the five years allowed for the purpose by the deed.

The second paragraph states that defendant paid $478.00 for the trees, and that the title thereto remained in him despite his failure to remove them within the five years.

The fourth paragraph alleges that because of world war conditions, defendant was unable to procure hands to remove the trees, and that he was too old and feeble to do so.

While the fifth paragraph alleges that if defendant did not still own the trees, he was entitled to recover the $478.00 he had paid for same, with interest.

One of the cases relied upon by the appellant to sustain the contention that the court erred in sustaining demurrers to these paragraphs of his answer, is Wright v. Cline, 172 Ky. 514, 189 S. W. 425, from which he quotes the following excerpt:

"It is well settled that a sale of standing trees, to be removed from the land within a fixed time in the contract, is a sale of only so many of the trees as are removed within that time, and the vendee who fails to remove the trees purchased by him within the time specified in the contract has no remedy, unless he has been prevented by the act of God or the act of the seller from removing the trees within the specified time. If he is so prevented, the vendee is entitled to have reasonable time after the expiration of the time fixed in the contract within which to remove the trees."

It is at once apparent that under this statement of law, which is sustained by many cases from this court, none of these paragraphs of the answer stated a defense to the action. In support of his counterclaim for recovery of the $478.00 with interest, and a lien upon the timber to secure the payment of same, defendant cites and quotes from Stamper v. Combs, 164 Ky. 733, 176 S. W. 178. But that case involved a cancellation of a deed for standing trees upon the ground that it was procured by fraud, and the fact that the grantor upon procuring a cancellation of the deed was required to refund the money he had received as a consideration therefor, as well as what the court said in discussing that question is patently inapplicable here, and does not in the least support appellant's contention that, having lost title to the trees by his own failure to remove them from the land within the time allowed, he is entitled to recover the money he paid for the trees, with interest.

The final contention is, that upon the proof the court erred in denying the estoppel pleaded in the third paragraph of his answer, which was, in substance, that the plaintiffs had induced the defendant to believe that the provision of the deed requiring the timber to be removed within five years would not be enforced, and that he might remove same at his pleasure.

The trouble with this contention is, that neither of the plaintiffs ever said anything to the defendant indicating that they would not insist upon this provision of the contract, and they denied making the statements attributed to them by two witnesses, which, if made to the defendant, might possibly have created an estoppel under Murray v. Boyd, 165 Ky. 625, 177 S. W. 468.

Hence, if we might concede that plaintiffs would have been estopped from insisting upon the terms of their contract with defendant by statements not made to him but made to others who communicated same to him—a question we do not decide—we could not say that the chancellor erred in holding it was not satisfactorily established by the evidence that such statements were made by plaintiffs.

Perceiving no error in the record, the judgment is affirmed.