## Fish v. Murrell, et al.

(Decided December 14, 1926.)

### Appeal from Rockcastle Circuit Court.

1. Logs and Logging.—Purchaser of growing trees cannot remove them after time fixed by contract, unless prevented from removing them within such time by act of God or seller, in which latter case he is entitled to additional time necessary, not exceeding time thus taken from him, to remove balance.
2. Logs and Logging.—Purchaser of growing trees, against removal of which seller sued out injunction about 2½ months before expiration of time fixed by contract for removal thereof, held entitled to full 75 days from reasonable time fixed by trial court to remove balance.

B. J. BERTHURUM for appellant.

C. C. WILLIAMS for appellees.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

In May, 1919, appellant, George C. Fish, sold all the standing timber, except beech, on a 200-acre tract of land in Rockcastle county to the Wood-Mosaic Company of New Albany, Indiana, for the sum of $1,250.00, cash in hand paid, with this provision in the written contract:

"The purchaser is hereby granted the right to enter upon such lands for the purpose of cutting and removing said trees by the most practical route at any time within two years from date."

Contracts containing terms similar to the foregoing have frequently been before this court and have been held to give the purchaser of growing trees standing on the land of another the right to so many trees only of the purchase as he removes within the time fixed in the contract, the purchaser acquiring title only to those trees which he removed within that time, and he has no right to take and remove trees after the expiration of the time limited unless he was prevented by the act of God or the act of the seller from removing them within the time, in which latter case he may have such additional time as may be necessary to remove the balance of the timber, provided he does not take more time to do that than was taken from him by wrongful acts of the seller. Maynard v. Farley, 198 Ky. 420; Hicks v. Phillips, 146 Ky. 305; Cheatham v. Head, 203 Ky. 489; Hudson v. Cox, 210 Ky. 30; 42 A. L. R. 641; 15 A. L. R. 76; 31 A. L. R. 949.

The purchaser entered on the lands by its agent and began to take the timber, but had not finished when appellant, Fish, instituted an action against it for injunction to prevent the cutting and removal of certain timber. The order of injunction was served upon those doing the work and commanded them to desist. The work thereupon ceased and the case was prepared and tried, resulting in a judgment in favor of the Wood-Mosaic Company. In the meantime, however, the two-year period given the purchaser of the timber in which to take and remove it had expired, and when the agents and servants of appellee company again entered upon the lands for the purpose of taking the balance of the timber purchased under the contract, this cause was instituted by Fish against Murrell, the agent of appellee company in charge, and his men, alleging the "defendants have unlawfully and forcibly

entered upon his said land and are cutting and removing his timber, to-wit: oak, ash and poplar and all kinds of timber except beech; that they have been cutting and removing said timber all during the month of May, 1923, and are still cutting said timber, and that during said time the defendants have cut and removed from his said land one carload of said timber, and they will continue to cut and remove his timber unless they are prevented from so doing; that he has notified them not to cut his timber, nor remove it and convert same to their own use, but they continue to do so.'' To this pleading was subjoined a prayer for injunction, restraining the agents of appellee company from entering upon the lands of Fish and cutting and removing the timber. Pursuant to the prayer of the petition a restraining order was issued by the clerk restraining Murrell and his helpers from cutting and removing the timber, and this was served upon each of them. Murrell and his helpers filed answer setting up the fact that the timber was purchased and owned by the Wood-Mosiac Company for whom they worked, and that they were employes of that company, taking the timber in pursuance of the contract, and also setting up the fact that before the expiration of the two-year period Fish instituted a suit in the Rockcastle circuit court against the company and its agents, enjoining and restraining them from removing the timber, by reason of which the company was prevented from moving all of its timber within the time limited and was, therefore, entitled to take the balance within a reasonable time. The Wood-Mosaic Company filed its intervening petition, praying to be made a party defendant and allowed to defend the action, and as defense to the action set forth all the facts relative to the contract of purchase of the timber in May, 1919, and the filing of the injunction suit which stopped the work and caused the delay but for which, it was averred in the answer, the timber would have been removed within the time limited, and praying additional time. Issue being joined the parties took proof and the cause was submitted, whereupon the court adjudged that the plaintiff, Fish, ''has failed to make out a cause of action against the defendants herein; it is, therefore, ordered and adjudged by the court that the plaintiff's petition be dismissed and that the injunction granted herein be dismissed and dissolved.'' The court then construed the written contract between the parties, concluding that, inasmuch as the company was prevented from

taking out the timber seventy-five days before the end of the time specified in the contract for the removal of the timber, it was entitled to seventy-five days from the 18th day of April, 1925, or until the 3rd day of July, 1925, in which to remove the timber from the lands, and ordered and directed appellant, Fish, not to molest or interfere with the defendants, or either of them, or their hands or servants, in cutting or removing the timber. The evidence shows that the first injunction was sued out by Fish about two and a half months before the end of the two-year period in which the Wood-Masaic Company had to remove the timber. Upon these facts the court concluded that the company was entitled to seventy-five days after the end of the litigation in which to take and remove the timber covered by its contract, and this seems equitable and just. The established rule, we have seen, allows one who has been wrongfully prevented by the seller of timber from removing it within the time fixed, to have additional time in which to take the timber, which time must be equal to that lost or taken away by reason of the wrongful act of the vendor. No doubt the timber which was cut by the servants of the company after it commenced work following the judgment in the first case has been ruined and lost, and all the time thus employed by the servants of the company in cutting the timber was by the wrongful acts of appellant, Fish, lost to appellee company. It is, therefore, entitled to its full seventy-five days, commencing at some reasonable time to be fixed by the trial court in which to remove the balance of the timber covered by its contract, and the chancellor should continue in force the injunctive order restraining Fish from interfering with the removal of the timber in accordance with the terms of the contract as construed by the chancellor during the seventy-five days in which they have the right to enter upon the lands and cut and remove the same.

Judgment affirmed.