# Floyd Elkhorn Consolidated Collieries v. Martin (Two Cases.)

(Decided March 6, 1928.)

## Appeal from Floyd Circuit Court.

1. Logs and Logging.—Sale of standing timber under contract which fixes the time in which it must be cut and removed is a sale of only so much timber as is cut and removed during the time limited.
2. Logs and Logging.—Under contract for sale of timber which fixed time within which timber must be cut and removed, vendee cannot cut or remove timber after time limited, unless he has been prevented from cutting and removing it within the life of the contract by seller or by act of God.
3. Logs and Logging.—Timber held not removable from land, even for mining purposes, after time fixed by sale contract within which timber might be cut and removed, notwithstanding vendee also held mining lease on land of vendor which granted right to do everything necessary for complete operation of mines on said land.
4. Logs and Logging.—Where vendee of standing timber removed the timber from the land after time fixed by contract within which timber could be cut and removed, vendor held entitled to reasonable market value of timber removed as it stood in the tree at the time it was severed from the stump.
5. Mines and Minerals.—Hauling timber over land to sawmill held necessary part of mining operations under mining lease permitting lessee to do anything and everything necessary for full and complete operation and maintenance of mines, and hence lessor was not entitled to damages to land from hauling timber over it.
6. Mines and Minerals.—Operating sawmill to cut timber held necessary part of mining operations under mining lease granting lessee the right to do anything and everything necessary for the full and complete operation and maintenance of the mines, and hence lessor was not entitled to damages because of operation of sawmill on the land.

SMITH & COMBS and COMBS & COMBS for appellant.

JAMES & HOBSON and JOHN C. HOPKINS for appellees.

OPINION OF THE COURT BY JUDGE LOGAN—Reversing.

These two cases, by agreement of parties, will be heard together and disposed of in one opinion. They were tried together in the court below. The appellees are brothers. They have several brothers and sisters. Their father, Alamander Martin, with his children, executed a coal lease in February, 1917, to one Emil Von Emert and certain associates of his. This lease was assigned and

transferred to the Drift Coal Company, which put in a coal-mining plant on the leasehold and operated it for about a year, when it assigned and transferred the lease to the appellant. By the terms of the coal lease the lessee obtained the right to use all the timber standing on the land from 12 inches down for such purposes as might be required by the lessee in maintaining and operating the mines, and sufficient timber to build tipples. The lease also granted to the lessee the privilege to construct upon the land tipples, mining houses, bins, mining plants, power plant, and any and all machinery that might be necessary for the successful operation of the mines on the property. It also granted to the lessee the right of way for all railroads, tramroads, telephone, telegraph, electric wire for electrical appliances, and any and all other appliances that might be necessary for the full and complete operation of the mines. It also granted the right to open, maintain, and operate coal mines, shafts, or openings of any and all descriptions for mining and for air or for any other purpose that might be necessary for the full and complete operation of the mines. It also granted to the lessee certain rights by this clause:

"The said lessee is also granted the right to do anything and everything that is necessary for the full and complete operation and maintenance of the mines to be operated upon the said land."

On August 1, 1918, the appellant purchased from the same lessors all of the timber growing on the land covered by the coal lease for the consideration of $2,500. A deed was executed for the timber above 12 inches in diameter. Appellant was given the right at any time to remove all, or any part, of the timber for the period of seven years from the date of the deed, with free and uninterrupted right of ingress and egress to and from the lands and any and every part thereof.

The land was thereafter divided among the joint owners and the appellees were allotted separate tracts described in their respective petitions. The two tracts adjoined and contained a large portion of the timber that was purchased on August 1, 1918. The timber was bought for use in and about the mines for the purposes for which timber is used in connection with mining operations. Portions of the timber were cut from time to time and a small saw mill had been in operation on the land for the purpose of sawing it as needed. A few

months prior to the expiration of the time in which appellant had to cut and remove the timber it received information that appellees intended to claim the timber left standing after August 1, 1925, and it made an unsuccessful effort to obtain an extension of time from appellees. Appellant put a crew of timber men on the land and felled all of the timber and cut it into logs. The timber was all cut and removed from the Grover Martin tract before August 1, 1925. It was all cut on the Robert Martin tract, but had not been removed on August 1st. About 700 logs were hauled from the Robert Martin tract after the first of August to the sawmill located on the Grover Martin tract. The purpose of hauling it to the sawmill was to have it cut into timber suitable for mining purposes. Within a few weeks after the 1st of August, Robert Martin instituted his suit to recover the value of the logs which were removed from his land after August 1st, which he alleged was $700, and also to recover $200 for damages to his land caused by hauling the logs over it after the 1st of August. He alleged that there were about 800 logs still on his land. Appellant was threatening to remove them and he sought an injunction to prevent the removal of the logs left on his land.

At the same time Grover Martin instituted his suit against appellant, in which he alleged that it had entered upon his land after August 1, 1925, and had transported and removed therefrom 800 logs, and that it was operating a sawmill on his land, all to his damage in the sum of $1,000. It was further alleged in his petition that appellant was claiming the logs, and that, unless prevented by the court, it would continue to trespass upon his land for the purpose of hauling and removing the timber therefrom. He prayed for an injunction to prevent appellant from entering upon his land, and also for $1,000 in damages caused to his land by hauling the logs over it.

The chancellor rendered judgment in favor of Robert Martin for $700, the value of the timber removed from his land after the 1st of August, and $200 for damages done to his land in hauling logs over it after that date. The judgment also perpetually enjoined appellant from cutting any more of the timber on the land of Robert Martin. The chancellor rendered judgment in favor of Grover Martin for $1,000 for damages done to his land in hauling over it after August 1st. The appellant was enjoined from cutting timber from the land of Grover Martin. The judgment in each case allowed appellant

to manufacture the logs already cut and hauled to the sawmill because of an indemnifying bond which had been executed by appellant.

It is insisted by counsel for appellant that the timber deed on its face did not require appellant to cut or remove the timber within seven years under pain of forfeiture. We cannot agree with the contention of counsel for appellant on this point. The sale of standing timber when the time is fixed in which it must be cut and removed is a sale of only so much of the timber as is cut and removed during the life of the contract. In such cases the vendee has no right to cut or remove the timber after the expiration of the contract, unless he has been prevented from cutting and removing it within the life of the contract by the act of God or the act of the seller. Maynard v. Farley, 198 Ky. 420, 248 S. W. 1022; Wright v. Cline, 172 Ky. 514, 189 S. W. 425; Ford Lumber Co. v. Cornett, 146 Ky. 457, 142 S. W. 718; Jackson v. Hardin, 87 S. W. 1119, 27 Ky. Law Rep. 1110; Fish v. Murrell, 219 Ky. 153, 292 S. W. 1096. It is earnestly argued by counsel for appellant that it was not within the contemplation of the parties that this timber should be removed from the land as it was to be used in connection with the mining operations. That may be true, and yet appellant only had the right for a period of seven years to cut the timber and use it for mining purposes within the seven-year period. The cutting of the timber was within the contract as it was cut before August 1, 1925, but the removal of the timber even for mining purposes after that date was not allowed by the contract. As we construe the contract, only so much timber was sold as should be cut and removed during the life of the contract.

The appellee, Robert Martin, was entitled to recover of appellant the reasonable market value of the timber as it stood in the tree at the time it was severed from the stump, but he was not entitled to recover anything in the way of damages for hauling the timber off of his land. Neither was Grover Martin entitled to recover anything for hauling the timber over his land or the operation of the sawmill on his land. Under the coal lease appellant had the right to make such use of the surface of the land or any part thereof as was necessary to its mining operations. The operation of a sawmill for the purpose of cutting timber is a necessary part of a mining operation. If appellant had purchased the timber on land other than the land covered by the coal lease, it

would not be seriously disputed that it had the right to haul its timber to the sawmill and there cut it, unless it negligently damaged the land in the hauling, or the operation of the sawmill.

The chancellor, upon a return of the case, will enter judgment in favor of Robert Martin for the reasonable market value of the timber as it stood in the tree which was cut by the appellant and which was removed from his land after August 1st. The appellee, Robert Martin, did not seek to recover the logs, but their value, and when he has been paid the value as above indicated the logs so removed or the lumber cut therefrom belong to appellant.

Judgment in each case reversed, and cause remanded for proceedings consistent with this opinion.