## Campbell v. Taulbee.

(Decided June 6, 1930.)

W. A. STANFILL and JOHN E. CAMPBELL for appellant.

S. M. WARD for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Reversing.

On the 23rd day of February, 1927, the appellant Henry Campbell, who owned a tract of land in Perry county containing about 175 acres, sold and conveyed to Farmer Osborne an undivided one-half interest in and to all the merchantable timber upon that tract of land with certain exceptions not here pertinent. The deed

provided that Osborne was to have until March 1, 1930, within which to cut and remove the timber conveyed to him. It appears that thereafter the appellant and Osborne as partners entered into the cutting and removing of the timber from this land. On the 23d day of October, 1928, the appellant conveyed the undivided one-half interest in and to the timber then standing on the land which he still owned to Mark Standafer. In the deed of this undivided one-half interest, Standafer was given until the first day of January, 1931, within which to cut and remove the timber covered by that conveyance. It appears that thereafter Standafer and Osborne as partners cut and removed a large portion of the timber covered by their deeds. On the 6th day of May, 1929, Standafer by deed conveyed to Mrs. Matt Taulbee the one-half undivided interest in and to the timber which appellant had conveyed to him in so far as it was then standing on the land, and provided for the same limitation as to the cutting and removing of this timber as was contained in his deed from the appellant. On the 11th day of May, 1929, Osborne made a like conveyance of his undivided one-half interest to the timber then standing on the land to Mrs. Matt Taulbee and put in the deed the same limitation as to cutting and removing as was in his deed from the appellant. Thus on the 11th day of May, 1929, Mrs. Matt Taulbee owned both undivided one-half interests. It is plain that up to the time Osborne and Standafer conveyed their respective interests to Mrs. Matt Taulbee they had been cutting the timber as partners without any allocation of the cutting to the interest of either of them because by their deeds to Mrs. Matt Taulbee each stated the interest which he was conveying to be an undivided one-half of the timber then standing on the land. By mesne conveyances, the appellee has succeeded to the ownership of this timber but always since May, 1929, the two undivided one-half interests have been held by one and the same person. On March 1, 1930, there was a large number of trees which had been cut but not removed from the land owned by the appellant and which were covered by the deeds we have mentioned. The appellee was proposing to remove this timber. He states in his evidence that he did not intend to cut any more as all of the merchantable timber that he wished had been cut. Thereupon the appellant brought this suit to have it declared that he was owner of an

undivided one-half interest in and to all the timber yet standing on the land and in and to the timber which had been cut but not removed and he asked that the appellee be enjoined from removing the timber until his rights as to his one-half interest had been protected. On the trial the facts developed as we have stated them above with the additional one that the appellee stated in his testimony that he had divided the timber in his mind, and that the timber which he had cut and removed prior to March 1, 1930, represented that portion of the timber which he was required under his deeds to cut and remove prior to March 1, 1930. The lower court adjudged that the appellant had no interest in the timber cut but not removed and dismissed his petition. From that judgment this appeal is prosecuted.

This is a novel case and we have not been cited to, nor have we found, any authority exactly in point. The parties agree that under our law the conveyance of a tract of standing timber, with a condition that it must be cut and removed within a certain length of time, requires the grantee to cut and remove it within the limit of time fixed in the deed, and that any timber not cut or removed within that limit reverts to the ownership of the grantor. Floyd Elkhorn Consolidated Collieries v. Martin, 223 Ky. 452, 3 S. W. (2d) 1074. The difficulty in this case arises because of the different limits on the cutting and removing of the respective undivided one-half interests and the fact that both such undivided interests have come into the ownership of the same person. While these undivided interests were vested in Osborne and Standafer, either of them could have demanded and had a partition of the timber to the end that he might cut and remove or otherwise dispose of his share. Thus in 17 R. C. L. 1103, it is written: "Where a person who is the sole owner of a tract of land conveys an undivided interest in the timber on the land, an action for the partition of the timber may be maintained by the purchaser. So if two or more persons as co-tenants own all the timber on a parcel of land, it seems that they are entitled to partition."

When the two undivided interests came into the ownership of Mrs. Taulbee, it would of course have been a futile thing for her to demand or to require of herself a partition, but inasmuch as there were different limitations on her right to cut and remove the timber from the

land upon which it was standing, the law will presume, in the absence of any facts showing a contrary intention, that in cutting and removing the timber, she would so cut and remove it as to insure the most favorable results to herself. The original owner of the land, the appellant, had made possible the condition confronting the grantee of the timber by putting different limitation periods upon the cutting and removal of the timber, and hence in equity he should be subordinated in the assertion of his reversionary interests to that enjoyment of the rights created by his deeds which was most beneficial to the grantee for the time being. Therefore, as long as the ownership was vested in one person, it will be presumed in equity in the absence of facts compelling a different conclusion that such person in the cutting and removal of the timber cut and removed that timber upon which rested the earlier period of limitation and that he did not begin to cut and remove the timber upon which the later period of limitation rested until he had exhausted the timber covered by the earlier limitation. Expressing concretely this rule as thus stated in the abstract and assuming the arbitrary figure of 1,000 trees as standing upon the land when Mrs. Matt Taulbee came into the ownership of the timber, we conclude that she had until March 1, 1930, to remove 500 of the trees and until January, 1931, to remove the remaining 500. Between the period when she came into the ownership of the timber and March 1, 1930, each tree cut will be presumed, in the absence of any showing to the contrary, to have been one of the 500 which she had to get off the land before March 1, 1930. If on that day there were left 500 or a less number of trees not cut or removed, she had until January 1, 1931, to cut and remove them. But every tree in excess of 500, not cut and removed on March 1, 1930, belong to the appellant. It is impossible in the present state of the record to say how many trees had not been cut or removed from the land when the ownership of the two undivided one-half interests vested in Mrs. Matt Taulbee and how many remained uncut or not removed on March 1, 1930. The trial court will therefore hear further proof as to the facts about this; will then apply the rule as herein laid down, and enter judgment accordingly. In the meantime, the temporary injunction heretofore ordered by Judge Logan of this court, when this case was before him on a motion for

such an injunction, will be reinstated to await the final judgment in this case on its return. The judgment of the lower court is therefore reversed, with instructions to proceed in conformity with this opinion.

Whole court sitting.