## Taulbee v. Campbell.

(Decided February 27, 1931.)

S. M. WARD for appellant.

JOHN E. CAMPBELL for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

This is the second appeal of this case; our opinion in the first one being reported in 235 Ky. 185, 30 S. W. (2d) 881. A reading of it will show the nature of the case as arising from the peculiar facts involved, the novel law question involved, as well as our disposition of both. Our ultimate conclusion was expressed by us in that opinion in this language:

"The original owner of the land, the appellant, had made possible the condition confronting the grantee of the timber by putting different limitation periods upon the cutting and removal of the timber, and hence in equity he should be subordinated in the assertion of his reversionary interests to that enjoyment of the rights created by his deeds which was most beneficial to the grantee for the time being. Therefore, as long as the ownership was vested in one person, it will be presumed in equity in the absence of facts compelling a different conclusion that such person in the cutting and removal of the timber cut and removed that timber upon which rested the earlier period of limitation and that he did not begin to cut and remove the timber upon which the later period of limitation rested until he had exhausted the timber covered by the earlier limitation. Expressing concretely this rule as thus stated in the abstract and assuming the arbitrary figure of 1,000 trees as standing upon the land when Mrs. Matt Taulbee came into the ownership of the timber, we conclude that she had until March 1, 1930, to remove 500 of the trees and until January, 1931, to remove the remaining 500. Between the period when she came into the ownership of the timber and March 1,

1931, each tree cut will be presumed, in the absence of any showing to the contrary, to have been one of the 500 which she had to get off the land before March 1, 1930. If on that day there were left 500 or a less number of trees not cut or removed, she had until January 1, 1931, to cut and remove them. But every tree in excess of 500, not cut and removed on March 1, 1930, belongs to the appellant. It is impossible in the present state of the record to say how many trees had not been cut or removed from the land when the ownership of the two undivided one-half interests vested in Mrs. Matt Taulbee and how many remained uncut or not removed on March 1, 1930. The trial court will therefore hear further proof as to the facts about this; will then apply the rule as herein laid down, and enter judgment accordingly."

Upon a return of the case, each litigant at the trial read the depositions of various witnesses in support of their respective contentions as to the amount of timber cut and removed at the times specified in our former opinion, and upon submission the court adjudged: "That the defendant (appellant on this appeal) is the owner of one-half of the down timber yet on the land of plaintiff and has the right to remove the same until January 1, 1931, and such additional time as may be necessary, but not to exceed the time lost by reason of the institution of this action." The court then appointed commissioners to go upon the land and divide such timber "equally between the plaintiff and the defendant according to quantity, quality and value, but they will allot to the defendant as part of his half all of the logs on the mill yard and on the log dumps and on the tramroad." The remaining timber involved was directed to be allotted to plaintiff (appellee here), and from that judgment defendant prosecutes this appeal.

The only ground argued for bringing the appeal is that the evidence was insufficient to support the judgment, and for which reason it should be reversed. The case is one in equity, and the rule applicable to appeals in such cases, upon questions of fact found by the chancellor, is that such findings will not be disturbed where this court entertains no more than a doubt as to what the facts are as disclosed by the entire testimony. Plaintiff took the depositions of five witnesses, and defendant like testimony of nine, but some of whom touch lightly

upon the crucial point in the case. Some of the witnesses obtained the basis of their testimony from counting stumps and from other supposedly relevant data that they found upon the ground, the probative effect of which, in some instances, was very remote upon the decisive issue submitted by our first opinion. A detailed statement or even the substance of the testimony of each witness is neither required nor necessary. It is sufficient to say that contradictions appear, but it is difficult to determine the preponderance. If the testimony given by plaintiff's witnesses embodies the facts, the court was authorized to render the judgment it did; while, on the other hand, if that of some of defendant's witnesses is to be unqualifiedly accepted, then the judgment was unauthorized; and we find no outstanding fact or circumstances calculated to "tip the scales" or strengthen the testimony of either set of witnesses, and which presents a case where, to say the least of it, our minds are in doubt as to the true facts, and in that condition the rule requires that the finding of the chancellor should not be disturbed.

Wherefore the judgment is affirmed.