# Sturgill v. Hensley et al.

(Decided Jan. 18, 1935.)

STEPHENS & STEELY and H. H. OWENS for appellant.

J. J. TYE for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

On May 20, 1932, the appellant and plaintiff below, Mrs. N. C. Sturgill, filed this equity action in the Knox circuit court against appellee and original defendant below, Elbert Hensley, and in her petition she averred that he was trespassing upon a portion of her land by wrongfully clearing away and cutting the timber therefrom over a space of some five or six acres, which was without her consent and over her protest, and she sought to enjoin him from continuing to do so, and to recover damages for the trespasses he had already committed. The acts that he had done, and which were sought to be enjoined by plaintiff, were at the instance of some Reed heirs who owned the land adjoining that of plaintiff, and they later came into the case asserting title in themselves to the land upon which the alleged trespassers were committed and denied plaintiff's alleged title thereto. The original defendant, Hensley, made the same issue in his pleadings, and after extensive proof taken by both sides, the court upon submission dismissed plaintiff's petition, thereby determining that the line separating her land from that owned by the Reed heirs was located where they claimed it to be, and not at the place insisted upon by her, and complaining of that judgment, she prosecutes this appeal.

A stipulation was filed in the case consenting that neither party was required to prove their title back to the commonwealth and that each of them had perfect title to the lands described in their title papers, "and that the only question to be determined in this law suit is the correct location of the line which divides

the lands held by title of the parties plaintiff and defendant." Two of the calls in the disputed line say: "Thence South 70 poles to a poplar in Joab Moore's line; thence with said line to the beginning containing 125 acres." Those calls are found in the Moore deed, and the line so described is the north one of plaintiff's tract. Both tracts of the parties litigant are parts of an old patent issued by the state of Virginia to John Lewis in January, 1786, and which contained 9,302 acres. Divisions and conveyances were subsequently made until the two tracts of land divided by the disputed line in this case were respectively owned by Joab Moore and Hugh Sturgill. The Moore land was finally purchased by Andrew Hensley, and Hugh Sturgill conveyed that portion of his tract adjoining the Moore tract on the south to his son David Sturgill, now deceased, and who was the husband of plaintiff. In the division of David Sturgill's tract, his widow, as heir to a deceased son who left no issue, was alloted lot No. 5 adjoining the Moore tract then owned by the vendees of one of the Hensley heirs who had become the owners of lot No. 3 in the division of the Hensley tract.

As stipulated, the issue was and is exclusively one of fact. Plaintiff introduced herself and some of her aged relatives, as well as a few old citizens who testified in a very confusing manner, the general import of which was that the poplar corner in the first inserted call supra was located at the point for which she contended, and which, if true, would make the disputed line run so as to make her boundary include the land upon which the alleged trespasses were committed; but, with the exception of one or two witnesses, there was comparatively little if any positiveness in the testimony of any of those witnesses. She likewise introduced a surveyor who corroborated her contention, but whose testimony was weakened on cross-examination, and which rendered the substance of it, as a whole, of doubtful probative force. Defendants in their oral testimony gave facts and circumstances of considerable convincing effect towards establishing the poplar corner (and thereby the disputed line) at the place for which they contended. They were substantiated by a surveyor, who gave his deposition, and who, as we construe his testimony, quite convincingly proved the disputed corner and the disputed

line to be where defendants contend it was and is, and which was confirmed by one or more surveys made by a deceased surveyor, reports of which he had reduced to writing, and they were preserved and introduced without objection at the trial of this case. The deceased surveyor is acknowledged by both sides to have been a very efficient one with extensive experience in surveying mountain land and in locating lines of ancient patents, and especially was that true as to lands in Knox county, the people of which he had served many times as their county surveyor. His reports are indisputably confirmatory of the contention of defendants. In addition thereto a number of disinterested neighbors who claimed to be acquainted with the disputed line and who showed familiarity therewith of more or less long standing corroborated the testimony of the two surveyor witnesses for defendants, as well as that given by them in person, and upon the whole the chancellor who tried the case determined that plaintiff did not own the disputed land and manifested that conclusion by rendering the judgment appealed from.

To undertake to trace and set out the testimony of the various witnesses who testified in the case could be of no possible service to either the parties, the profession, or the general public. To do so would consume much of our time with a corresponding appropriation of space in our opinion, and for none of which would any one reap any beneficial reward. The rule is that, in cases of this kind and question like the admitted one here involved, the determination of the chancellor who tried the case will not be disturbed unless it is reasonably clear that his conclusion was against the preponderance of the evidence; and, in all cases where there is no more than a doubt as to the correctness of his conclusions, it is the duty of this court to accept and approve them. Pages could be consumed in listing cases from this court announcing that rule, but to do so would be a work of supererogation and utterly futile, since no declaration of this court can be found to the contrary. We will therefore content ourselves with referring only to the case of Taulbee v. Campbell, 238 Ky. 165, 37 S.W.(2d) 13, 14, which presented to us a question exactly similar to the one involved here. In disposing of it, we therein said: ''The only ground argued for bringing the appeal is that

the evidence was insufficient to support the judgment, and for which reason it should be reversed. The case is one in equity, and the rule applicable to appeals in such cases, upon questions of fact found by the chancellor, is that such findings will not be disturbed where this court entertains no more than a doubt as to what the facts are as disclosed by the entire testimony. * * * A detailed statement or even the substance of the testimony of each witness is neither required nor necessary.'' We think this case, for the reasons stated, should be similarly disposed of.

Wherefore the judgment is affirmed.