# IN THE COURT OF APPEALS OF TENNESSEE

# FILED

October 13, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

## AT KNOXVILLE

| | |
|---|---|
| DORA (DORIS) L. SELVY, Widow of CARROLL W. SELVY, Deceased, | ) C/A NO. 03A01-9903-CV-00081 |
| | ) |
| | ) KNOX CIRCUIT |
| Plaintiff-Appellant, | ) |
| | ) HON.  HAROLD WIMBERLY, |
| vs. | ) JUDGE |
| | ) |
| CHRISTOPHER L. VINSANT, M.D., | ) |
| | ) |
| Defendant-Appellee, ) | ) |
| | ) |
| ST. MARY'S HEALTH SYSTEMS, ) INC., and RONALD K. SANDBERG, M.D., | ) |
| | ) VACATED |
| | ) AND |
| Defendants. | ) REMANDED |

JOHN O. THREADGILL and SUSAN P. HERNDON, THREADGILL & ASSOCIATES, P.C., Knoxville, for Plaintiff-Appellant.

JON G. ROACH and NATHAN D.. ROWELL, WATSON, HOLLOW & REEVES, P.L.C., Knoxville, for Defendant-Appellee.

## **O P I N I O N**

Franks, J.

In this action, the Trial Judge granted defendant summary judgment, and

plaintiff has appealed.

Plaintiff's husband died on July 7, 1995, and on this record for purposes of bringing a medical malpractice claim, the statute of limitations began to run on the date of the husband's death. Plaintiff filed an action in the Circuit Court of Knox County on July 8, 1996.[1]

Defendant did not receive a summons until an alias summons was issued on or about August 28, 1996, and on September 20, 1996, the action was dismissed without prejudice.

This action was filed on September 4, 1997, within one-year of the voluntary non-suit, and defendant was served with Summons and Complaint on September 8, 1997. Defendant filed a motion to dismiss and for summary judgment, insisting that the complaint was filed more than a year after the cause of action arose, and was barred by the applicable statute of limitations. As stated, the motion for summary judgment was granted.

On appeal, plaintiff argues that the motion for summary judgment should have been denied, because the defendant failed to comply with the requirements of Rule 56.03. Rule 56.03 provides in pertinent part that:

> any motion for summary judgment made pursuant to Rule 56 of the Tennessee Rules of Civil Procedure shall be accompanied by a separate concise statement of the material facts as to which the moving party contends there is no genuine issue for trial. Each fact shall be set forth in a separate, numbered paragraph. Each fact shall be supported by a specific citation to the record.

Plaintiff contends that because this language is mandatory in nature, the absence of full compliance requires denial of the underlying motion.

Defendant's motion was filed on October 14, 1997, and this issue was raised in plaintiff's response. Defendants then filed a Statement of Undisputed Facts on November 21, 1997.

In *Butler v. Diversified Energy, Inc.,* 1999 WL 76102 (Tenn. App. 1999), this Court discussed the issue of a defendant's failure to comply with T.R.C.P. 56.03:

> [W]e agree with counsel for the Defendants that the provision of Rule 56.03 of the Tennessee Rules of Civil Procedure, directing a simple concise statement of the material facts to accompany any motion for summary judgment, is for the benefit of the trial court, and could be, as it was in this case, waived. Moreover, even if we were to find that this issue has merit, it would require remand to the Trial Court where another motion for summary judgment could be made, meeting the omitted requirement of Rule 56.03.

*Butler* at 3.

The requirements of Rule 56.03 are designed to assist the Trial Court in deciding motions for summary judgment. *See* the Advisory Commission Comment to the Rule. The record in this case shows that there was not technical compliance with the Rule. However, the Trial Court had before it the statement of undisputed facts long before it ruled on the Motion, and the plaintiff had, and took the opportunity to challenge the defendants' Statement of Undisputed Material Facts. There is no evidence that plaintiff was prejudiced. Accordingly, we find that any error the Court may have committed with respect to defendants' motion is harmless error. *See* Rule 36(b) of the Tennessee Rules of Appellate Procedure.

Next, plaintiff insists there are disputed issues of material fact to be resolved on the statute of limitations issue.

No presumption of correctness attaches to decisions granting summary judgments. *Hembree v. State*, 925 S.W.2d 513 (Tenn. 1996); T.R.A.P. 13(d), and we are required to view the evidence in the light most favorable to the opponent of the motion and all legitimate inferences of fact must be drawn in favor of the opponent. *Gray v. Amos*, 869 S.W.2d 925 (Tenn. App. 1993).

At the time the initial suit was filed, Rule 3 of the Tennessee Rules of Civil Procedure provided as follows:

> All civil actions are commenced by filing a complaint and summons with the clerk of the court. An action is commenced with the meaning of any statute of limitations upon such filing of a complaint and summons, whether process be issued or not issued and whether process be returned served or unserved. If process remains unissued for 30 days or is not returned within 30 days from issuance, regardless of the reason, the plaintiff cannot rely upon the original commencement to toll the running of a statute of limitations unless

the plaintiff continues the action by obtaining issuance of new process within one year from issuance of the previous process or, if no process was issued, within one year of the filing of the complaint and summons.

It is the defendants' position that it is an undisputed fact that "at the time of filing the complaint, no summons was filed as to Christopher L. Vinsant", and that as of August 9, 1996, 30 days after the filing of the Complaint, no Summons was filed. Accordingly, defendant argues as a matter of law that the original action was barred by the statute of limitations, and as such, could not be re-filed under the savings statute.

James Evans was plaintiff's attorney of record in the original case. In his affidavit filed in this case, he states that he "prepared and filed with the Court on or about July 8, 1996, a Summons naming Christopher L. Vinsant a defendant in the original action . . . Service was not obtained on the original summons within 30 days on issuance and so plaintiff sought issuance of a new alias summons."

The record establishes that an alias summons was issued to defendant and was served on defendant on August 29, 1996, and returned to the Clerk's office, where it was filed on August 30, 1996.

Also in the record is the affidavit of Mary Jane Brown, the supervisor of Knox County Circuit Court Clerk's Office. She states that included in her duties are being custodian of the filing of suits with the Clerk's office and also the issuing of summonses and alias summonses. She further states that "it is the policy and standard procedure of the Knox County Circuit Court Clerk's office to issue alias summonses provided to our office only after the summonses originally issued to a defendant have been either unserved or not returned as served within the 30 days allowed for service of the original summons after good faith attempts to do so."

Defendant filed three additional affidavits of Brown, wherein Brown affirmed that she reviewed the file in question and that "the file reflects that no summons was filed with the Complaint for Christopher L. Vinsant, M.D." She states that the only Summons in

the file is "a Summons denominated 'alias' [that] was filed for Christopher L. Vinsant, M.D., on August 21, 1996." She further corroborated that the Complaint named 32 defendants, yet only 27 summonses were filed with that Complaint. She says that "[a]lthough the summons filed by the plaintiff for Christopher L. Vinsant was denominated 'Alias' it should have not been so denominated due to the fact that no previous Summons had been filed with the Complaint." In granting summary judgment, the Trial Court necessarily found that the suit against defendant was not filed within the time prescribed by the statute of limitations.

The determinative issue is whether a summons was filed with the Complaint in the original law suit. We conclude there is a factual dispute that should not have been decided on motion for summary judgment. The attorney for the plaintiff stated that he "filed" a summons with the original complaint. The Clerk's office has no record of a summons, and concludes that none was filed. On motion for summary judgment, all facts are construed in favor of the opponent of the motion, and for purposes of the motion, the affidavit of plaintiff's attorney must be taken as true.

Defendant argues that the attorney in his affidavit is not competent to testify that he "filed" the summons. Clearly he cannot testify to what was contained in the record at the Clerk's office. However, he can testify to delivering the summons to the Clerk's office to be entered into the record. While it is unclear exactly what he meant in his affidavit, upon construing the inferences favorable to the plaintiff, he is stating that he took the summons with the complaint to the Clerk's office to be filed and that what became of the summons after he delivered it was beyond his control.

The Tennessee Supreme Court has held that "a pleading is deemed filed when handed to a person in the Clerk's office to receive it, and the failure of the clerk or deputy to properly mark it filed should in no way prejudice the party filing it." *Rush v. Rush*, 37 S.W.2d 13 (Tenn. 1896) (*quoting Montgomery v. Buck*, 6 Humph. 416 (Tenn. 1846)). In the unreported decision of *Dunlap v. Ayers*, 1999 WL 236514 (Tenn.Crim.App. April 23,

1999), the Court said:

> A pleading or other paper "is deemed filed when [it is] handed to a person in the clerk's office to receive it, and the failure of the clerk or deputy to properly mark it filed should in no way prejudice the party filing it." (Citations omitted). Stated another way, if a litigant timely places a pleading or paper in the possession of a court clerk employee, the employee's failure to mark it filed is not fatal to the litigant's subsequent argument that the paper was timely filed. (Citations omitted).

*Dunlap* at 7.

The defendant cites to the Advisory Commission's comments to the 1992 amendment to Rule 3 that places a higher burden on the attorney. "The burden of preparing the summons is placed on the lawyer, who should take steps to ensure that it is issued and placed in the hands of a deputy sheriff or private process server immediately after filing." T.C.R.P. 3, Advisory Commission Comment to the 1992 Amendment. However, this deals with the issuance and process of the summons on the defendant, and does not address the circumstances where the Clerk has not properly filed a summons.

Based on the foregoing authorities, we conclude that as long as the attorney physically delivered the summons to the proper official at the Clerk's office, the courts will deem it filed, regardless of whether it was recorded or placed in the record. A party should not be responsible for the Clerk's actions, where a pleading or summons is lost or destroyed, so long as the party took the necessary steps to get the documents into the custody of the Clerk. It is a disputed issue of fact as to whether that occurred in this case, and the summary judgment is vacated and the cause remanded for determination of this factual issue. We find the other issues without merit, and remand with the cost of the appeal assessed to appellee.

_____

Herschel P. Franks, J.

CONCUR:

_____
Charles D. Susano, Jr., J.

_____
D. Michael Swiney, J.