### Bach v. Little.

(Decided October 25, 1910.)

### Appeal from Breathitt Circuit Court.

Standing Timber—Sale by Written Contract—Removable in Five Years—Enforceable by Assignee.—A written contract for the sale of standing timber in which the owner gave the purchaser five years in which to remove it from the land, is assignable for a valuable consideration, and passes the title thereof to the assignee, with the right of removal within the five years.

KASH & KASH, CHESTER A. BACH and GRANNIS BACH for appellant.

GOURLEY & GOURLEY for appel'ee.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

On June 11, 1907, J. J. C. Bach executed and delivered to Lou Ellen Hargis the following writing:

"This contract made and entered into this the 11th day of June, 1907, by and between J. J. C. Bach, party of the first part, and Lou Ellen Hargis, party of the second part,

Witnesseth: That the said party of the first part for and in consideration. of eight hundred ($800) dollars, five hundred dollars of which is in hand paid, the receipt of which is. hereby acknowledged, the remaining three hundred ($300) dollars to be paid within ninety (90) days from this date, has this day sold to the party of the second part all the trees of every kind and description, except walnut and locust, standing and growing on his Flat Branch farm on South Quicksand Creek in Breathitt county, Kentucky, which is all the land on said branch above Emory Noble's line, and he hereby grants unto said party of the second part the privilege of entering upon said land at any time within five (5) years from the first day of July, 1907, for the purpose of cutting and removing said trees from said land together with the privilege of ingress, egress and re-egress over said land for said purpose.

"It is understood that all trees and timber not removed from said land within the time above named shall revert to the said party of the first part."

Two years after the date of this contract, Mrs. Hargis sold and assigned it to appellee, C. J. Little, in consideration of $1,000. Immediately thereafter, Little began to cut and haul the timber from the land described therein, and appellant, Mary Bach, to whom J. J. C. Bach had conveyed the land after the execution of the aforesaid writing, instituted this action, and alleged that Mrs. Hargis had no power or right to sell the contract referred to; that it only granted her a license which was personal to her, to remove this timber from the land described, and alleged that the attempted assignment and transfer of the contract to appellee was invalid and operated as a revocation of the license granted her. She also alleged that the deed from J. J. C. Bach to her revoked the license. She also alleged some improper conduct on the part of Little in hauling and placing logs upon her cleared land and in breaking down some of her fences; but, as we understand the record, these matters were withdrawn, and the only question before us is: Was the writing referred to assignable?

Counsel for the parties have filed extended briefs showing much research and ability in presenting the question. Appellant contends that the contract amounted to a mere license which was revocable at the will of the licenser. Appellee controverts this position, and claims that the contract passed to the purchaser valuable prop-

erty which partook of an interest in the realty, and, therefore, was not revocable at the pleasure of the seller and was assignable. We deem it unnecessary to consider the points made in the briefs of counsel to any considerable extent, as we have arrived at the conclusion that the contract in question passed a valuable interest to Mrs. Hargis which could not be revoked at the pleasure of the seller. By the contract, Bach expressly sold and granted Mrs. Hargis five years within which to remove the timber, and gave her the right of ingress and egress for that purpose. In the case of Bowerman & Co. v. Taylor, 127 Ky.812 (32 Ky. Law Rep. 671), this court said:

"It has long been the rule of this court, in the construction of contracts of sale of growing trees, where the parties did not contemplate that they were to be immediately severed from the soil, that such sale did not convert the trees into personalty. * * *

"It may be stated that in passing upon various questions involving the sale of standing timber that have come before this court, that where the sale is made in contemplation of the timber's being cut immediately and separated from the soil, it is treated as personalty; but where it was not in the contemplation of the parties that it should be immediately cut or severed from the soil, then it is to be treated as realty."

This court has repeatedly held that standing timber when sold is still a part of the realty, unless sold in contemplation of immediate severance from the soil. In the case of Wiggins, et al. v. Jackson, et al., 24 Ky. Law Rep., 2189, it is said that a sale of standing timber with two years within which to remove it was not a sale in contemplation of immediate severance, and the trees remained a part of the realty. See also Asher Lumber Co. v. Cornett, 23 Ky. Law Rep. 602; Dills v. Hatcher, 24 Ky. Law Rep. 826, and Bell County Land Co. v. Moss, 30 Ky. Law Rep. 6. From these authorities, it will be seen that Mrs. Hargis unquestionably received a valuable interest in the property of Bach by means of the writing referred to for which she gave a valuable consideration. She was given five years within which to remove the property purchased by her, and all that she failed to remove in that time was to revert to her vendor or his assigns. In our opinion she had a perfect right to assign the contract to appellee.

For these reasons, the judgment of the lower court is affirmed.