## Sansom, Trustee v. Edwards.

(Decided May 21, 1912.)

Appeal from Laurel Circuit Court.

1.   Vendor and Purchaser—Land—Timber—Purchaser with Notice.— One who purchases land from the owner after the owner has sold

the timber thereon by deed which his vendee puts to record, is not a purchaser without notice, even though the original purchaser of the timber resells the timber to another, by a deed which the latter fails to put to record.

2. Timber—Title—License to Cut and Remove.—A purchaser of timber by a deed to him and his assigns, with the right to cut and remove the timber at any time within fiffteen years, acquires title that he may sell and convey, and not merely a license to cut and remove the timber, which·is personal to himself.

3. Timber—Conveyance of—Specified Time for Removal—Abandonment of Right to Remove.—One who purchases timber with the right to remove it at any time within fifteen years, has fifteen years within which to remove it, and his right to cut and remove is not lost by his abandonment of the cutting and removing for any length of time within the fifteen.year period.

SAM C. HARDIN for appellant.

H. C. CLAY for appellee.

Opinion of the Court by William Rogers Clay, Commissioner—Affirming.

Appellant, R. H. Sansom, Trustee, brought this action against D. C. Edwards to recover the value of certain timber cut from a large boundary of land in Laurel County, Kentucky, and to enjoin him from further cutting timber from the land. The chancellor denied appellant the relief prayed for; hence this appeal.

It appears that on April 1, 1899, R. L. Ewell and James D. Smith sold, by title bond, to P. B. Warner all the timber of every kind growing upon the land in question of "twelve inches thickness, and upwards sixteen inches from the ground." Subsequently James D. Smith died. By his last will and testament, he made his wife, America A. Smith, his sole devisee. On March 23, 1901, R. L. Ewell and wife, and America A. Smith, sole devisee of her husband, James D. Smith, executed, acknowledged and delivered to said P. B. Warner a deed to the timber described in the title bond. By this deed, the grantee, Warner, and his assigns, were given the right of ingress and egress to and from the property for the purpose of removing the timber sold. They were also given the right to construct roads and tramways, if necessary or desirable, for the purpose of removing the timber, and the further right to erect saw mills on the property. The deed also stipulated that Warner was to remove the timber from the land within fifteen years

from May 1, 1899, and that as fast as the timber was removed, Ewell and Smith might take and resume possession of the land from which the timber had been removed, with the right, however, on the part of ·Warner to re-enter and pass over the land from which the timber was removed for the purpose of removing the timber from other parts of the land. On June 17, 1901, the deed was lodged for record and duly recorded in the Laurel County clerk's office.

On April 12, 1902, P. B. Warner and wife, by deed, which was duly executed, acknowledged and delivered, sold and conveyed the timber in question to appellee, D. C. Edwards. The stipulations and conditions contained in this deed are the same as those in the deed from Ewell and Smith to P. B. Warner.

On July 16, 1907, R. L. Ewell and wife and America A. Smith, executrix and sole devisee of her husband, James D. Smith, by deed which was duly ·executed, acknowledged and delivered, sold and conveyed the land in question to appellant, R. H. Sansom, trustee. On July 23, 1907, this deed was recorded in . the Laurel County clerk's office.

It is manifest from the foregoing that appellant is not a bona fide purchaser for value without notice. The deed from Ewell and Smith to P. B. Warner being of record long before he received his deed, appellant acquired title to the land with constructive notice of the fact that the timber of the recited dimensions had theretofore been sold to P. B. Warner. The fact that appellee, Edwards, did not put his deed to record is immaterial, for appellant did not acquire title from Warner, appellee's vendor, but from Ewell and Smith, who had previously sold and conveyed the timber to Warner. Having purchased the land with notice of the fact that the title to the timber was in Warner, he cannot complain of a lack of notice of the deed from Warner to appellee.

We see no merit in appellant's contention that Warner, by his deed from Ewell and Smith, acquired merely a license to cut the timber, which was personal to himself. The deed conveyed the absolute title to the timber in question, and the same title that Warner acquired was passed by his deed to appellee.

Appellant insists, however, that inasmuch as the conveyance from Ewell and Smith to Warner, and the con-

veyance from Warner to appellee, provided that as the timber was removed from the land, Ewell and Smith could take possession of that part of the land from which the timber was removed, with the right on the part of the vendee to enter such parts of the land for the purpose of removing the timber from other parts, and his agents, at the time of the purchase, went upon the land and found that a large part of the timber had been cut and removed, and that appellee was not engaged in cutting the timber, he had a right to conclude that appellee had abandoned his contract. No question of the right to possession of that part of the land from which the timber was removed is presented by the record. This was an action to recover the value of the timber actually cut, and to enjoin further cutting. As Warner acquired title to the timber with the right to remove it at any time within fifteen years, he had fifteen years in which to remove it, and neither he nor appellee, his vendee, lost this right by abandoning the cutting for any length of time within the limit fixed by their respective deeds. That being true, there was no abandonment of the contract either by Warner or appellee, and appellant, who purchased the land with notice of the fact that the timber had been sold with the right in the vendee to remove the timber at any time within fifteen years, had no right to assume that because his representatives went upon the land and found no one engaged in cutting the timber, the vendee had abandoned a property, worth several thousand dollars.

But it is insisted by appellant that he is entitled to recover the value of 222 trees which were shown to have been under size, when cut. The witness upon this question simply states that he counted the stumps of 222 trees which were under size. Where they were located, or by whom they were cut, does not appear. According to appellee and his witnesses, some trees under size were cut and it was necessary to cut them for the purpose of building roads and tramways. These trees were not carried off the land, but were used in the construction of the roads. In view of the fact that the conveyance from Ewell and Smith to Warner, and from Warner to appellee, conferred the right to construct roads and tramways, and it does not appear that the trees that were under size were cut for any other purpose, we con-

clude that the evidence is not sufficient to authorize a recovery for the cutting of trees below the dimensions fixed by the deed.

Judgment affirmed.