## Shepherd v. Bank of Montreal, et al.

(Decided December 16, 1913).

### Appeal from Breathitt Circuit Court.

Land—Timber—Severance—Time for Removal—Title.—Where standing timber is conveyed by general warranty deed providing that the grantee shall have six months within which to remove the trees, and after that time may let the trees remain on the land until he desires to remove them, subject to certain rights of the grantor to deaden the trees on that part of the land he desires to cultivate, after giving the grantee twelve months' notice in writing to remove them, the title to the trees passes as realty, and the covenant of title follows into the hands of any vendee.

MARTIN T. KELLY and BYRD, NICKELL & HOWARD for appellants.

E. S. JOUETT, JOHN S. GOODWIN, HUGH RIDDELL and G. W. FLEENOR tor appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

By deed dated March 24, 1899, and thereafter duly recorded in the Breathitt County Clerk's office, defendant, Henry Shepherd, and his wife, Jane Shepherd, sold and conveyed to C. E. Smith, his heirs and assigns, with covenant of general warranty, 314 white oak trees and 68 poplar trees, standing on a small tract of land situ-

ated in Breathitt County, Kentucky. All the trees were branded. The deed contained the following provision::

"Said trees being all the trees of the kinds aforesaid standing on said lands and bearing the following marks: MF, thus, MF, being all the green standing merchantable timber of the above-named kinds on said land. The white oak trees being of and above 20 inches in diameter inside the bark three feet above the ground on the upper side, and the poplar trees being of and above 18 inches in diameter inside of the bark three feet above the ground on the upper side with the usual and customary right of way of ingress, egress and regress for the purpose of cutting and removing said timber with the free right to use such stone and timber as may be necessary to make and construct all such roads, dams and other contrivances as may be necessary for the purpose of removing said timber or any timber the party of the second part may own and desire to remove from the lands herein described or adjacent thereto, and the party of the second part is given the period of six years from and after this date in which to remove said trees from off said lands. But if the party of the second part should desire to have said trees stand on said land for a longer period than six years he shall have the right to let said trees stand on said land until he shall desire to remove them, except that the party of the first part shall after the expiration of said period of six years have the right to deaden such trees as stand on land where the said party of the first part desires to clear and cultivate, first giving the second party or his assigns 12 months personal written notice to remove the said trees off said land where the party of the first part desires to clear or cultivate; and the party of the first part guarantees to the party of the second part the care and protection of said trees hereby conveyed except when it may be necessary to deaden any of said trees on the terms and conditions aforesaid."

A lien was also reserved on the land on which the trees stood to secure the grantee against failure of title to any of the trees.

By appropriate mesne conveyances, containing provisions similar to the above, the title to the trees in question passed to The Bank of Montreal.

On February 1, 1913, plaintiff, The Bank of Montreal, brought this action against the defendant, Henry Shep-

herd, to quiet its title to the trees in question. The Royal Trust Company, as executor of Angus Kirkland, Manager for The Bank of Montreal, was joined as plaintiff and united in the action, asking that the recovery be for the benefit of The Bank of Montreal. The petition sets out the various conveyances by which The Bank of Montreal acquired title. Defendant, Henry Shepherd, interposed a demurrer to the petition, which was overruled. Having declined to plead further, judgment was entered in accordance with the prayer of the petition. The defendant appeals.

The sole question presented is: Has the title to the trees reverted to the defendant, the grantor in the deed dated March 24, 1899?

Defendant's position is that the title has reverted to him by reason of the failure on the part of the plaintiff and those through whom it claims to cut and remove the timber in question within six years from the date of sale, or within a reasonable time thereafter. In our opinion, neither one of these propositions can be maintained. By the very deed which defendant executed the grantee is not only given six years within which to remove the trees, but the further right after that time to let the trees stand on the land until he desires to remove them, subject, however, to the right of the grantor to deaden the trees after first giving the grantee twelve months' personal notice to remove the trees off the land where the grantor desires to cultivate. True, we have held that where the contract for the sale of standing timber is silent on the question of removal, but the situation of the parties and the circumstances surrounding them at the time the contract is executed are such as to show that the severance of the timber from the soil was contemplated, the title thereto may be defeated by a failure to cut and remove the timber within a reasonable time. Ky. Coal & Timber Development Co. v. Carroll Hardwood Lumber Co., 154 Ky., 523; Hicks v. Phillips, &c., 146 Ky., 305. But that rule has no application to a case where the time for removal is fixed by the parties. In other words, it does not prevent the parties from agreeing on the time for removal. There can be no doubt that a party can buy growing timber with no intention of manufacturing it, and may hold it just as he might buy or hold land, if he so frame his contract. Hicks v. Phillips, &c., supra. Here the trees were conveyed by deed

to the grantee, his heirs and assigns, with covenant of general warranty. The title to the trees was secured by lien on the land on which they stood. The parties not only agreed that the trees should remain on the land for six years, but for so long thereafter as the vendee desired. Under these circumstances, the trees passed as realty, and the covenant of title would follow into the hands of any vendee. It was so adjudged in the case of Asher Lumber Co. v. Cornett, 23 Ky. L. R., 602, 63 S. W., 974, in construing a deed containing provisions substantially like those in the deed under consideration. It follows that the trial court properly adjudged that plaintiff was the owner of the timber in question.

Judgment affirmed.