## Walters v. Pettibone, et al.

(Decided March 3, 1925.)

### Appeal from Breathitt Circuit Court.

Quieting Title—Title to Standing Timber Not Lost by Failure to Cut, After Notice as Provided in Deed.—Under deed providing that vendee have ten years in which to cut standing timber, after which landowner might deaden it on 12 months' written personal notice of bona fide intent to clear land for cultivation, title is not lost on failure to cut as per notice, since deed specifically provided vendee might cut when he desired; landowner merely having right to deaden timber on due notice.

O. H. POLLARD for appellant.

GRANNIS BACH and B. R. JOUETT for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

By deed dated October 28th, 1898, William Joseph and others sold and conveyed to C. E. Smith all the white oak trees, 20 inches in diameter, and all the poplar trees, 18 inches in diameter, standing on certain lands then owned by the grantors, and described in the conveyance, there being 1,076 white oak, and 181 poplar trees. The deed contained the following provisions:

"Said trees being all the trees of the kinds aforesaid standing on the said land bearing the following marks: MF, thus MF being all the green standing merchantable timber of the above named kinds on the said lands. The white oak trees being of and above 20 inches in diameter inside the bark three feet above the ground on the upper side, and the poplar trees being of and above 18 inches in diameter inside of the bark three feet above the ground on the upper side of said trees, with the usual and customary right of way of ingress, egress,

and regress for the purpose of cutting and removing said timber necessary to make and construct all such roads, dams and other contrivances as may be necessary for the purpose of removing said timber or any timber the party of the second part may own or desire to remove from the lands herein described or adjacent thereto, and the party of the second part is given the period of 10 (ten) years from and after this date in which to remove said trees from off said land. But if the party of the second part should desire to have said trees stand on said land for a longer period than 10 years he shall have the right to let said trees stand on said land until he shall desire to remove them, except that the party of the first part shall after the expiration of said period of 10 years have the right to deaden such trees as stand on land where the said party of the first part desires to clear and cultivate, first giving the second party or his assigns 12 months' personal written notice to remove the said trees off said land where the party of the first part desires to clear and cultivate, and the party of the first part guarantees to the party of the second part the care and protection of said trees hereby conveyed except when it may be necessary to deaden any of said trees on the terms and conditions aforesaid. It is further agreed by the party of the first part in order to further insure the title to the trees hereby conveyed that the party of the second part has and is hereby given a lien on the lands described by the party of the first part to indemnify said party of the second part against any loss which he may sustain by reason of the failure of title to any part of said trees in case the title of the party of the first part should fail to any part thereof and thereby the party of the second part should lose any of said trees; and it is further agreed that the party of the second part shall pay to the party of the first part all damages that may be done the growing crops by reason of the removal of said timber.''

By appropriate conveyances the title to the trees in question passed to Robert F. Pettibone and Mary E. Goodrich.

In September, 1909, J. M. Walters acquired title to the land on which the timber stood.

This action was brought by Robert F. Pettibone and Mary E. Goodrich against J. M. Walters, the owner of the land, to quiet their title to the timber. Walters filed an answer and counterclaim asserting title to the timber. The facts pleaded are, that while the Bank of Montreal, plaintiffs' predecessor in title, was the owner of the trees, defendant, being the owner of the land, gave written notice to the bank to remove the trees, as he desired to clear and cultivate the land on which they stood, and the bank having failed and refused to remove the trees within twelve months after the receipt of notice, its title was forfeited and the title vested in defendant. A demurrer was sustained to the answer and counterclaim, and defendant having declined to plead further, judgment was rendered in favor of plaintiffs. Defendant appeals.

In the case of Shepherd v. Bank of Montreal, 156 Ky. 495, 161 S. W. 214, we had occasion to construe a deed containing a provision identical with the one quoted above, with the exception that the word "six" was used in place of the word "ten," and used the following language:

"Defendant's position is that the title has reverted to him by reason of the failure on the part of the plaintiff and those through whom it claims to cut and remove the timber in question within six years from the date of sale, or within a reasonable time thereafter. In our opinion, neither one of these propositions can be maintained. By the very deed which defendant executed the grantee is not only given six years within which to remove the trees, but the further right after that time to let the trees stand on the land until he desires to remove them, subject, however, to the right of the grantor to deaden the trees after first giving the grantee twelve months' personal notice to remove the trees off the land where the grantor desires to cultivate. True, we have held that where the contract for the sale of standing timber is silent on the question of removal, but the situation of the parties and the circumstances surrounding them at the time the contract is executed are such as to show that the severance of the timber from the soil was contemplated, the title thereto may be defeated by a failure to cut and remove the timber within a reasonable time. Ky.

Coal & Timber Development Co. v. Carroll Hardwood Lumber Co., 154 Ky. 523; Hicks v. Phillips, &c., 146 Ky. 305. But that rule has no application to a case where the time for removal is fixed by the parties. In other words, it does not prevent the parties from agreeing on the time for removal. There can be no doubt that a party can buy growing timber with no intention of manufacturing it, and may hold it just as he might buy or hold land, if he so frame his contract. Hicks v. Phillips, &c., *supra*. Here the trees were conveyed by deed to the grantee, his heirs and assigns, with covenant of general warranty. The title to the trees was secured by lien on the land on which they stood. The parties not only agreed that the trees should remain on the land for six years, but for so long thereafter as the vendee desired. Under these circumstances, the trees passed as realty, and the covenant of title would follow into the hands of any vendee."

Upon a reconsideration of the question, we see no occasion to depart from the rule announced above.

But appellant insists that as the case cited went off on demurrer, it does not determine the effect of the notice pleaded in the answer and counterclaim. It is doubtful if that case leaves anything undecided; but, in order to clarify the situation, we shall consider the effect of the notice. In our opinion, the deed is susceptible of only one construction. The grantee has the unqualified right to remove the timber at any time within ten years. Thereafter, he has the right to remove the timber at any time he may desire, subject to the right of the owner of the land, after giving the required notice to the owner of the timber, to deaden such trees as stand upon any portion of the land he may desire to clear and cultivate. In other words, the only effect of the notice is to give the owner of the land the right to deaden the trees if he, in good faith, desires to clear and cultivate the land. Otherwise, the rights and title of the owner of the timber remain unimpaired, and he may cut and remove the timber at any time. As the chancellor took the same view of the question, it follows that the judgment was proper.

Judgment affirmed.