## Stacy v. Reams.

(Decided October 28, 1927.)

### Appeal from Perry Circuit Court.

1. Logs and Logging—Time held not of the essence of provision of timber deed that timber might remain upon land after expiration of ten-year period upon payment each year by grantee of 1 per cent. of original purchase price or lesser amount in event that part of timber had been removed, and tender of specified sum within one year after expiration of ten-year period was sufficient to preserve grantee's rights.

2. Tender.—Grantor waived right to object that tender of sum was insufficient because check was offered rather than lawful money, where he refused tender because he thought that title to certain timber had reverted to him or because he thought that amount tendered was insufficient, and not because tender was made by check rather than in lawful money.

3. Logs and Logging.—Where father and children owning different parts of tract of land conveyed standing timber thereon as joint grantors, and deed did not disclose where timber was located, tender of entire sum necessary to preserve certain rights to grantee

was sufficient where made to father alone, the tender to him being a tender to all of the grantors.

H. C. EVERSOLE and S. C. DUFF for appellants.

T. E. MOORE, JR., for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER—
Affirming.

Prior to the 27th of January, 1911, William Stacy was the owner of a tract of some 630 acres of land in Perry county. He had before that date, however, conveyed certain parts of it to some of his children, but retained title himself to a large portion of it. On that date he and his children to whom these conveyances had been made, sold and conveyed certain described timber trees on the whole tract to appellee, Reams, for a stated consideration which was paid in cash, and by the terms of the deed the grantee was given ten years from that date in which to cut and remove the timber. It was further provided in the deed that said timber might, after the expiration of said ten-year-period, remain upon the land upon the payment by the grantee each year of 1 per cent. of the original purchase price, or upon so much of the timber that remained upon the land at the expiration of that period. The deed gave to the grantee the right of ingress, egress, and regress through and over the land for the purpose of caring for, cutting, and removing the trees, etc.

No considerable portion of the timber was removed during the ten-year period expiring on the 27th of January, 1921, and during that year appellee through his agent tendered to William Stacy, the father and chief grantor, a check for the 1 per cent. of the original consideration, which he declined to receive, because he claimed the title to the timber had reverted to him by reason of the failure of the grantee to remove it before the expiration of the ten-year period.

Thereafter and during the year 1922 a tender was made to William Stacy in cash, which he declined to receive for the same reason, and each of the following years a similar tender was made, each of which he declined to receive for the same reason.

In this action by Reams to enjoin the grantors from refusing him the privilege, under the terms of the agreement, to enter upon the lands and cut the timber, the

lower court entered a judgment so enjoining them and upholding the tenders made theretofore. A copy of the deed is not in the transcript, but its essential features are set forth in the pleadings of both parties. The pleadings of appellants allege that the payment of 1 per cent. per annum, after the expiration of the ten-year period, was to be made on the 1st day of July of each year, so long as the timber remained on the land, and it is therefore apparent that it was not necessary for the appellee in order to preserve his rights after the ten-year period, to make the payment or tender before the expiration of the ten-year period. And as the time was fixed for such 1 per cent. payment several months after the expiration of the ten-year period, it seems clear that the time of such payment was not of the essence of the contract with reference to such extension, and that therefore its payment or tender at any time within the first year after the expiration was sufficient.

It will be observed that William Stacy did not refuse the tender of the check because it was not an offer of lawful money, but either because, as shown by appellee's evidence, he thought the title to the timber had reverted to him because of the failure to remove it within the ten-year period, or because, as testified by Stacy himself, he thought the contract provided for 5 per cent. per annum of the original consideration, and not only one per cent. In other words, Stacy did not refuse to receive the check because it was not a legal tender, but for other and different reasons entirely, and for that reason waived the right to thereafter object to the sufficiency of the tender because it was not made in lawful money. It has long been the rule that where a tender is made by check and is refused upon grounds other than that it is not a lawful tender, that ground will be held to have waived, 26 R. C. L. 638; Campbell v. Williams, 15 Ky. Law Rep. 704; Thompson v. Crains, 294 Ill. 270, 128 N. E. 508, 12 A. L. R. 931, and note.

It is apparent therefore that the tender by check in 1921 was sufficient.

William Stacy and his children, who joined in the conveyance of the timber to Reams, were joint obligors, and their undertakings in the deed were joint. The instrument did not disclose upon what particular parts of the land the trees, or any proportion of them, were situated, and it would have been wholly impracticable, therefore, for the tender to have been made to the several

grantors in the proportions that the timber sold was situated upon their several different tracts. They were joint obligors, and the tender therefore to one of them was a tender to all.

Judgment affirmed.