## Ream v. Gayheart.
(Decided Oct. 6, 1936.)

ADAM CAMPBELL and T. E. MOORE for appellant.

CLARK PRATT and C. P. STEPHENS for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER—
Affirming.

On July 11, 1910, James Hurt, who owned a tract of land in Knott county, Ky., together with his wife, executed and delivered to Robert C. Ream, trustee, a deed for a large number of trees of different varieties growing on the land for a consideration of $258.75, which was paid in cash on delivery of the deed. By the conveyance the purchaser was granted a period of ten years from the date of the deed in which to cut and remove the trees and for the recited consideration of 1 per cent. per year thereof, the purchaser was granted the right to allow the trees, or any part thereof, to remain on the land for such longer period after the expiration of the ten years as he might desire with a provision that after 10 years the grantor might, upon giving one year's notice, deaden trees upon such land as he might desire to cultivate. Some time after the expiration of the ten-year period, Hurt and wife conveyed the land to Curtis Gayheart.

In January, 1934, Ream instituted this action against Gayheart alleging that he had complied with the terms and conditions of the deed by paying or tendering payment of rentals; that Gayheart had cut and destroyed some of the trees and was threatening to and would, unless enjoined, cut and remove trees and had and would continue to commit trespass thereon. He asked for injunctive relief and for damages in the sum of $200 for timber already cut.

By answer, found in the record, Gayheart denied the affirmative allegations of the petition and further alleged that Ream had failed to pay rentals for some years prior to the institution of the action. Ream filed a reply to the answer, and other pleadings were filed to make up the issues.

On final hearing the temporary restraining order was dissolved, and it was adjudged that Gayheart was the owner and entitled to immediate possession of all the timber growing on the land. The chancellor found that the ten-year period referred to in the deed expired in 1920 and that Ream had not paid the rental as provided in the contract from and after the year 1924. Ream is appealing.

There is a sharp conflict in evidence for respective parties concerning payment of rentals, the evidence for each tending to sustain the allegations of their pleadings.

It appears that the answer of appellee was not marked "filed" by the clerk and no order entered noting the filing of same prior to the entry of the decree. But a nunc pro tunc order was thereafter entered filing the answer, and appellant entered a motion to strike the answer and set aside the nunc pro tunc order, which was overruled. Therefore, we have the same character of instrument and practically the same state of facts as was presented in the case of Robert C. Ream, trustee, v. Daniel Fugate, 265 Ky. 463, 97 S. W. (2d) 11, this day decided, where the court entered a similar decree in favor of Fugate, the seller of the timber, and which decree was affirmed. In this case, appellant filed a reply to the answer and possibly some subsequent pleadings. This was not done in the Fugate Case, and this, of course, would be an additional reason for sustaining the court's order in overruling the motion to strike the answer.

On the authority of the Fugate Case to which reference is made for greater particularity and for the reasons assigned therein, the judgment is affirmed.

Whole court sitting.