## Ream v. Fugate.

(Decided Oct. 6, 1936.)

464

ADAM CAMPBELL and T. E. MOORE for appellant.
CLARK PRATT and C. P. STEPHENS for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER—
Affirming.

Daniel Fugate owned a tract of land in Knott county, Ky., and on July 27, 1912, for a stated consideration

paid in cash, he and his wife conveyed to Robert C. Ream, trustee, a large number of trees of various species which were counted and branded with the letter K. The number of trees of different varieties was stated in the deed. By terms of the deed, the grantee was given ten years from and after the date thereof in which to cut and remove the trees from the land and for the stated consideration and the further consideration of payment of 1 per cent. per annum of the purchase price recited in the deed, the grantee was given the right to allow the trees or any part thereof to stand and remain upon the land for such longer period or periods after the expiration of the ten years as the party of the second part might desire.

In June, 1934, Robert C. Ream, trustee, instituted this action in equity alleging that since the expiration of the ten-year period referred to in the conveyance, he by his agents or attorneys had actually paid or tendered to the grantor, Daniel Fugate, the sum of 1 per cent. per annum of the original price paid for the trees. He sought to enjoin Daniel Fugate from cutting and removing any of the timber referred to in the deed and from threatened trespass thereon, and that he be adjudged to be the owner of such trees.

By answer, about which there is controversy, as will presently appear, Fugate denied the material allegations of the petition and alleged that at the expiration of the ten-year period he was paid the rental provided for in the deed for the year ending July 27, 1923, and after that date and for the years, 1923, 1924, 1925, and up to July, 1927, he was not paid or tendered payment of the rental as therein provided; that the failure of the grantee to make payment constituted a breach of contract which terminated same and operated as an abandonment of the trees and a forfeiture of the grantee's rights under the contract. He made further affirmative defense which under the conclusions we have reached it will be unnecessary to recite.

On final hearing the court found that rental for the year 1922 was paid and that no rentals were paid or tendered to Fugate for the years 1923-1926 inclusive; that thereafter plaintiff trustee mailed a check to Fugate for rentals, which was refused, but that none of the timber was removed from the boundary of land and no suit was filed until 1934, or twelve years from the time

limit for removing the timber. It was adjudged that by the failure to pay or tender the rentals for the years 1923-1926 and by allowing the timber to remain on the land for twelve years after defendant had refused to accept rental, plaintiff forfeited his right to the timber; that the temporary restraining order be dissolved and plaintiff's petition be dismissed and that he take nothing thereby. It was further adjudged that Daniel Fugate was the owner in fee simple of all the timber and trees on the tract of land above described, and that plaintiff had no right or interest therein. Plaintiff is appealing.

The evidence for appellant tends to establish that when check for rental for the year 1922 was tendered, appellee first refused it, but later accepted the check; that each year thereafter he was tendered the annual rental, which he refused to accept. Appellee's evidence sustained the allegations of his answer. In addition to the foregoing, each party went into the question of payment or tender of payment of rentals under similar contracts with landowners in the same vicinity. But without going into further detail, it is sufficient to say there was a sharp and irreconcilable conflict in evidence.

It is a doctrine of universal application in this jurisdiction that the finding of a chancellor in equitable actions does not have the same effect as the verdict of a properly instructed jury, in that the court is not bound by the chancellor's finding concerning the weight of the evidence, but may determine that matter for itself. However, it is equally well established that where upon examination of the record it appears that the chancellor's finding is in accord with the weight of the evidence, or, if upon the whole, a mere doubt remains as to the correctness of the chancellor's conclusions, his finding will not be disturbed. Sallee v. Sallee, 213 Ky. 125, 280 S. W. 932; Henson v. Jones, 247 Ky. 465, 57 S. W. (2d) 498; Thompson v. Dulaney, 255 Ky. 794, 75 S. W. (2d) 524; Willett v. Robertson's Adm'r, 259 Ky. 199, 82 S. W. (2d) 289.

Viewing the evidence in the light of these authorities, it is manifest that we would not be authorized to disturb the chancellor's finding as to the payment or tender of payment of rentals after the year 1922.

It will therefore be seen that the only question to

be determined so far as the rights of the parties under the contract are concerned is the effect of failure to pay or make tender of payment of annual rentals as provided in the contract.

On this issue we find appellant's contention to be in substance and effect that the deed passed to him absolute and perpetual right and title to the timber and in the absence of any provision for reversion or forfeiture, the failure to pay rentals did not operate to divest him of title; and the rentals were merely a charge or lien against the timber which might be enforced by appropriate action. Appellee, of course, holds to the contrary view and insists that appellant took title to only such of the timber covered by the deed as was removed within ten years or within such period or periods thereafter as the time for removal was extended by payment of annual rentals.

Counsel for appellant contend that under the deed the timber was not converted into personalty, as has been held in some cases, but retained its nature as realty, and cite numerous authorities in support of this contention; however, it will not be necessary to go into that phase of the case, since it is immaterial as between the parties to the contract, unless the vendee took an indefeasible title to the trees under the deed with perpetual right of removal. In support of the theory that appellant took absolute fee in the timber described in the deed, counsel cite and rely on Sansom v. Edwards, 148 Ky. 503, 146 S. W. 1106; Shepherd v. Bank of Montreal, 156 Ky. 495, 161 S. W. 214, 215; Walters v. Pettibone, 207 Ky. 617, 269 S. W. 753; Asher Lumber Co. v. Cornett, 63 S. W. 974, 23 Ky. Law Rep. 602.

In the Sansom Case, timber was conveyed by a deed, and it was held that under the deed the vendee did not acquire a mere license to cut the timber which was personal to himself, but that the deed conveyed absolute title to the timber. Further on in the opinion it was stated that he acquired title with the right to remove the timber at any time within fifteen years, which right was not lost by him or his vendees by abandoning the cutting of timber for any length of time within the limit fixed by the deed.

In the Shepherd Case, timber was conveyed by deed to grantees with covenant of general warranty. The

deed provided that the trees might remain on the land for six years and for so long thereafter as the grantee desired with a provision that the grantor after the expiration of the six-year period should have the right to deaden such trees as stood on land he desired to clear and cultivate upon giving twelve months' notice to the grantees to remove such trees. It was held that under the circumstances, the trees passed as realty, and the covenant of title would follow into the hands of any vendee. In the course of the opinion among other things it was said:

"True, we have held that where the contract for the sale of standing timber is silent on the question of removal, but the situation of the parties and the circumstances surrounding them at the time the contract is executed are such as to show that the severance of the timber from the soil was contemplated, the title thereto may be defeated by a failure to cut and remove the timber within a reasonable time."

But it was further stated that that rule had no application where the time for removal is fixed by the parties and did not prevent the parties from agreeing on the time for removal. It was said:

"There can be no doubt that a party can buy growing timber with no intention of manufacturing it, and may hold it just as he might buy or hold land, if he so frame his contract."

Walters v. Pettibone follows the Shepherd Case in construing a similar deed. In the Asher Case the deed gave the grantee five years and so much longer as he might desire to remove the timber...

There are other cases in this jurisdiction holding that separate estates may be created out of different elements going to make up lands, such as the timber, surface, and the minerals, and that a deed may convey an absolute title to timber with perpetual right of removal. However, most of these relate to conveyances by the owner of land to another with an unrestricted reservation or exception of the timber. See Gabbard v. Sheffield, 179 Ky. 442, 200 S. W. 940, 15 A. L. R. 1, and cases therein cited.

The cases cited and relied on by appellant and other cases of similar import have no application here because

of dissimilarity in the provisions of the deeds; and the conveyances or contracts for the sale of timber, like other contracts and conveyances, must be construed to effectuate the intention of the parties as expressed by the terms of the instrument, or in cases of ambiguity or doubt, according to established rules of construction. In this instance it is unnecessary to look further than the terms of the deed itself, which is free from ambiguity concerning the conditions upon which the 10-year period may be extended. It provides a definite period of ten years within which the timber should be removed and for an extension of the time from year to year thereafter by payment of annual rentals. While a deed or contract for the sale of standing timber which gives to the grantee or purchaser the right at any time within a fixed period to enter upon the land and remove the timber, passes to the grantee an interest in the land which cannot be revoked at the will or pleasure of the grantor during the time fixed for removal, so much timber as is not removed during that period reverts to the grantor or his assigns. Bach v. Little, 140 Ky. 396, 131 S. W. 172. It has been consistently held by this court that a purchaser of growing trees on the land of another which are to be removed within a time fixed in the contract, acquires title to only such timber as he removes within that time and has no remedy as to timber not removed unless he was prevented by act of God or by act of the seller from removing it. Ford Lumber & Mfg. Co. v. Cress, 132 Ky. 317, 116 S. W. 710; Wright v. Cline, 172 Ky. 514, 189 S. W. 425; Maynard v. Farley, 198 Ky. 420, 248 S. W. 1022; Hounshell v. Miller, 153 Ky. 530, 155 S. W. 1148; Jackson v. Hardin, 87 S. W. 1119, 27 Ky. Law Rep. 1110; Floyd Elkhorn Consolidated Collieries v. Martin, 223 Ky. 452, 3 S. W. (2d) 1074; Fish v. Murrell, 219 Ky. 153, 292 S. W. 1096. These cases seem to be in accord with the general trend of authority in other jurisdictions. See Annotations following the cases of Zirkle v. Allison, 15 A. L. R. 38 and Willets Wood Products Co. v. Concordia Land & Timber Co., 71 A. L. R. 140.

In Stacy v. Reams, 221 Ky. 573, 299 S. W. 193, a deed containing provisions similar to the one under consideration here was involved. The deed was not before the court, but its terms were set out in the pleadings. The ten-year period expired on January 27, 1921, and

during that year the grantee through his agent tendered the grantor a check for 1 per cent. of the original consideration, which he declined to accept, claiming that the title to the timber reverted to him by reason of the failure of the grantee to remove the timber before the expiration of the ten-year period. The tender of payment was made each year thereafter. In that case it was alleged by the vendee that the payment of 1 per cent. per annum after the expiration of the ten-year period was to be made on the first day of July of each year, and that since the time fixed for such payment was several months after the expiration of the ten-year period, it seemed clear that the time of such payment was not of the essence of the contract with reference to such extension, and therefore its payment or tender at any time after the expiration was sufficient to preserve appellee's right.

We find in the record a certified copy of the deed from Daniel Fugate to Ream, and there is nothing in it with reference to deferring payment of rentals after the expiration of the ten-year period. This case therefore presents a different situation.

It is our conclusion that the provision for the removal of the timber within the ten-year period or for the extension of the time by payment of annual rentals was in the nature of a condition subsequent; and the failure to remove the timber or any part thereof before the expiration of the ten-year period or before default in payment or tender of payment of annual rental necessary to effect an extension of such time operated to defeat any right, title, or interest of appellant in any of the timber remaining standing on the land.

As a general rule, conditions subsequent are not favored in law because of their tendency to destroy estates; and a conveyance will not be construed to create a conditional estate "unless language is used which, according to the rules of law ex proprio vigore imports a condition, or the intent of the grantor to make a conditional estate is otherwise clearly and unequivocally indicated. If it be doubtful whether a clause in the deed be a condition or a covenant, courts will incline to the latter." Hughes v. Miller, 164 Ky. 449, 175 S. W. 631, 632; Board of Councilmen v. Capital Hotel Co., 188 Ky. 754, 224 S. W. 197; McElroy v. Pope, 153 Ky. 108, 154 S. W. 903, 44 L. R. A. (N. S.) 1220. However, in many

jurisdictions it is held that an agreement giving a purchaser a perpetual right to have the timber remain on the land is so unreasonable in nature that no contract will be construed as having that effect unless it is clearly manifest that such was the intention of the parties. Johnson v. Powhatan Mining Co., 127 Va. 352, 103 S. E. 703; McNair & Wade Land Co. v. Adams, 54 Fla. 550, 45 So. 492; McRae v. Stilwell, 111 Ga. 65, 36 S. E. 60455 L. R. A. 513, and other cases cited in 15 A. L. R. and 71 A. L. R. supra. Since a sale of the timber by the owner of land giving the purchaser a right in perpetuity for the timber to remain on the land virtually surrenders or destroys the right to the surface, the reason for such holding is at once apparent.

In view of the chancellor's finding that rentals were not paid or tendered for three years following 1922, which for reasons already indicated will not be disturbed, it is obvious in the light of authorities cited that the judgment is correct.

After judgment was entered, it was discovered that the answer in the record was not marked "filed" and no order filing same. The court entered a nunc pro tunc order noting the filing of the answer to which appellant objected. Motion was made to strike the answer from the record because it was not filed and was not signed by appellee or his attorney; and to set aside the nunc pro tunc order. Affidavits in support of the motion show that the answer was in the papers, but was not marked "filed," and was not signed. It is now argued that the motion should have been sustained.

In the nunc pro tunc order it is recited that the court read and considered the answer. The answer in the record bears the signature of counsel for appellee. In Voorheis v. Eiting, 22 S. W. 80, 15 Ky. Law R. 161, it was held that failure to sign a pleading (as is required by section 115, Civil Code of Practice) must be taken advantage of by rule or objection will be waived. The parties took proof on issues made and permitted the trial to proceed to judgment as though the answer had been filed. In such circumstances the motion to strike came too late, and the objection will be treated as waived.

Judgment affirmed.

Whole court sitting.