## Ream v. Bolen et al.
(Decided Oct. 7, 1938.)

ADAM CAMPBELL for appellant.
C. P. STEPHENS for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE STITES—Affirming.

This is an appeal from a judgment of the Knott Circuit Court, sitting in equity, in a suit whereby the appellant, Robert C. Ream, trustee, who was the plaintiff below, sought to have himself adjudged to be the owner of certain timber standing on the lands of appellees, R. T. Bolen and Louelza Bolen, and to recover damages for such timber as appellees had cut. By deed dated December 13, 1911, John Conley and Alice Conley conveyed certain trees then standing on their lands to the appellant. The deed allowed appellant ten years in which to cut and remove the trees from the land and provided for an extension of this ten-year period upon the annual payment of one per cent of the purchase price. On December 6, the Conleys conveyed a portion of the lands upon which the trees stood to the appellees. The ten-year period had not then expired and the timber conveyed to appellant was excepted from the

conveyance. It is alleged in the petition and claimed by appellant here that the legal effect of the 1911 deed from Conley to himself was to convey an estate in fee simple in the trees with no right of reversion; that appellees acquired no title or interest in the trees by virture of the deed; and "that rentals were as a matter of precaution, tendered in season and refused, and persistently refused to be accepted by appellees, and it was no fault of appellant." Appellant introduced no proof whatever to sustain these allegations and the only evidence offered is contained in the deposition of the appellee R. T. Bolen. The testimony of R. T. Bolen showed that a tender by check was made in 1922 "sometime not more than a month or two after the rent was due." The check, however, was bad and later in the same year (1922) one Basil Smith offered to pay the rent but his offer was refused. His connection with appellant, if any, is not shown. Until 1927, there was no further tender made, but on December 8 of that year, Adam Campbell offered to pay rent of $25.28 for two hundred and eighty-six trees standing on the property. Whether or not these were all the trees remaining on the tract does not appear. The deed shows that there were one thousand and forty-nine trees on the land involved at the time of the conveyance.

This case is controlled by the decision of this court in Ream v. Fugate, 265 Ky. 463, 97 S. W. (2d) 11, wherein a contract substantially the same in its provisions to the 1911 deed from the Conleys to Ream was construed by this court. Appellant seeks to distinguish the decision in Ream v. Fugate, supra, solely on the ground that it was rendered on the assumption that no tender of rentals after the ten-year period had expired was ever made. It is true that in that case we followed the finding of the chancellor in his conclusion on conflicting evidence that no tender had been made. In the case at bar the evidence is not conflicting for, as stated above, the deposition of Mr. Bolen is the only testimony in the record. He states that a check was sent to him to cover the first year's rental following the expiration of the ten-year period but that the check was not paid when presented; that from 1922 until 1927—a period of five years—no tender of payment was made. Mr. Bolen says that he then refused to accept the tender and has consistently refused since that time. Obviously the un-

accepted 1927 tender could not revive rights that had theretofore expired, and there is nothing from which we could infer otherwise than that the property was abandoned during the five years that no offers were made. We conclude that there is no difference between this case and our decision in Ream v. Fugate, supra, which would require a contrary result here. Appellant does not show himself to have any interest in the property involved under the contract as it has been construed, and it is therefore unnecessary to examine the rights of appellees or to repeat the reasoning in Ream v. Fugate, supra, to which we adhere.

Judgment affirmed.