Hazel CARLSON, Nels Carlson and
Grace Harber, Plaintiffs,

v.

KENTUCKY RIDGE COAL COMPANY,
Inc. and McCracken & McCall, Inc.,
Defendants.

No. 696.

United States District Court,
E. D. Kentucky, at London.

Nov. 1, 1954.

Claude P. Stephens, Prestonsburg, Ky., Jesse K. Lewis, Lexington, Ky., for plaintiffs.

W. R. Lay and Grant F. Knuckles, Pineville, Ky., Gambill, Dudley & Cox, Terre Haute, Ind., Benjamin G. Cox, Terre Haute, Ind., for defendants.

FORD, Chief Judge.

The plaintiffs are the owners of approximately five hundred acres of mountain land located on the waters of Simms Fork and Big Camp Branch in Bell County, Kentucky. This land is underlaid with seams of coal and growing upon the surface is a considerable amount of merchantable timber.

On July, 3, 1944, the plaintiffs entered into a contract with the corporate defendant Kentucky Ridge Coal Company (hereinafter referred to as Kentucky Ridge), by the terms of which they leased their land to Kentucky Ridge for coal mining and coke making purposes for a period of thirty years from the date of the contract and granted to the lessee the right

"To cut and use any and all timber under fifteen (15) inches in diameter two (2) feet above the ground which may be located on the premises above described and owned by the first parties, necessary and proper to equip, construct, maintain and operate the mines, road, inclines, tramways, buildings, and any other structures in connection with the mining operations of the second party located in the vicinity of Crocket, or Field, Kentucky; excepting and excluding all boundary, corner, and line trees; * * *."

In addition to the right thus granted, the contract further provides:

"* * * first parties for the consideration of Twenty Five Hundred ($2500.00) Dollars, cash in hand, paid, receipt of which is acknowledged, do hereby sell, transfer and convey unto the second party absolutely all of the timber of all kinds located on the leased premises *which measures* fifteen (15″) in diameter and up, two (2) feet above the ground, and the second party is given the right to cut and remove the same for any purposes at any time during the life of this lease." (Italics added).

On September 22, 1953, the defendant Kentucky Ridge entered into a contract with it's co-defendant by the terms of which it purported to sell to defendant McCracken & McCall, Inc., the timber of all kinds except boundary, corner and line trees located on plaintiffs' lands measuring 15 inches and up in diameter, two feet above the ground "at the time of cutting", with the right to cut and re-

move such timber within a period of six years after January 1, 1954, and "a right of way leading up Big Camp Branch from the highway running along the left fork of Straight Creek, wide enough for the purpose of removing the timber from the premises, and for transportation of men and materials used in the timbering operation contemplated hereby."

Claiming that the true agreement between the parties in respect to the timber measuring fifteen inches and up contemplated merely the right to cut and use it on the premises for mining purposes only; that the provision of the contract providing for the absolute sale thereof with the right to cut and remove it for any purposes was inserted in the contract "by mistake, oversight or by the fraud of the agents, servants and employees" of Kentucky Ridge; that the sale of the timber under the contract with McCracken & McCall was without plaintiffs' written consent and is precluded by a provision of the contract which forbids assignment or transfer of the lease or subletting of the premises without the written consent of the lessors; and that by the terms of the contract Kentucky Ridge acquired only the right to cut such timber as was 15 inches and up as of July 3, 1944, the date of the agreement, plaintiffs seek to have the contract of July 3, 1944, with the defendant Kentucky Ridge reformed accordingly, to have the contract of sale of the timber to McCracken & McCall declared void, and to have the defendant McCracken & McCall enjoined from entering upon the property and from removing any of the timber therefrom.

Upon the above issues the case was tried to the Court and is now submitted for judgment.

■ In respect to the claim of the plaintiffs for reformation of the contract with Kentucky Ridge which they executed and acknowledged on July 3, 1944, the plaintiffs assume a heavy burden of proof under principles long established. Brown v. L. V. Marks & Sons Co., D.C., E.D.Ky., 64 F.Supp. 352, 355.

In Sears, Roebuck & Co. v. Lea, 6 Cir., 198 F.2d 1012, 1015, it is said:

"It is the settled rule in Kentucky that one who signs a contract is presumed to know its contents, and that if he has an opportunity to read the contract which he signs he is bound by its provisions, unless he is misled as to the nature of the writing which he signs, or his signature has been obtained by fraud. Kentucky Road Oiling Co. v. Sharp, 257 Ky. 378, 388, 78 S.W.2d 38; United Talking Machine Co. v. Metcalfe, 174 Ky. 132, 137, 191 S.W. 881; White Sewing Machine Co. v. Smith, 188 Ky. 407, 409, 222 S.W. 81; Brenard Manufacturing Co. v. Jones, 207 Ky. 566, 568–569, 269 S.W. 722."

■ ■ The grant of equitable relief by way of reformation of a contract to embrace terms alleged to have been omitted from the instrument is limited to those cases where the omission was the result of mutual mistake of the parties or mistake of one party and fraud or inequitable conduct of the other. Where such omission is only by the mistake of one of the parties and the other party is free from fraud or inequitable conduct, the instrument cannot be reformed to embrace such alleged omitted terms "because to do so would be to make a contract for the parties which they have never made". Scott v. Spurr, 169 Ky. 575, 577, 579, 184 S.W. 866, 868; Hayes v. Hudson, 209 Ky. 657, 273 S.W. 524. To justify such reformation, evidence of mutual mistake or mistake by one party and fraud or inequitable conduct on the part of the other party, considered in the light of the character of the testimony, the coherency of the whole case, the documents and all the attendant circumstances, must be clear and convincing. Indeed many of the authorities on the subject in Kentucky and elsewhere require that the evidence must be so clear, decisive, explicit and satisfactory as to convince the court beyond all reasonable controversy. Chinn v. Baxter, 203 Ky. 630, 633, 262 S.W. 974. The importance

of maintaining stability of duly executed writings by adherence to these principles has frequently been emphasized by the courts of Kentucky and by the Supreme Court. Maxwell Land-Grant case, (U. S. v. Maxwell Land Grant Co.), 121 U.S. 325, 381, 7 S.Ct. 1015, 30 L.Ed. 949; Campbell v. Northwest Eckington Co., 229 U.S. 561, 584, 33 S.Ct. 796, 57 L.Ed. 1330; Philippine Sugar Estates Development Co. v. Government of Philippine Islands, 247 U.S. 385, 38 S.Ct. 513, 62 L.Ed. 1177.

■ The contention of the plaintiffs that, by fraudulent conduct of the agents of the defendant Kentucky Ridge, they were led to believe that the provisions of the contract relative to the sale of timber, limited the use of the timber to mining purposes only, is not sustained by the preponderance of the evidence. The proof is convincing that on July 3, 1944, after the sale provisions were inserted but before the execution of the contract, the plaintiffs had ample opportunity to read it, and the terms set out therein were made clear to all parties by having it read aloud in the presence of the plaintiffs and their attorney, Judge W. T. Davis, now deceased, who was present, read the contract and consulted with plaintiffs throughout the negotiations which culminated in its execution and acknowledgment by the plaintiffs. The evidence falls far short of measuring up to the standard required for reformation of contracts and plaintiffs' claim in that respect must be denied.

■ It satisfactorily appears from the evidence that before the provisions relative to the sale of the timber were inserted in the contract, the terms of the mineral lease including the provision that "the lessee shall not assign or transfer this lease or sublet the premises without the written consent of the lessors", had been agreed upon, independent of the sale of the timber. Following the rule that "in construing a contract we must seek out the intention of the parties and ascertain how they meant the agreement to operate when they entered into it", Jones v. Linkes, Ky., 267 S.W.2d 936, 937,

it seems quite clear that this provision of the agreement was intended to apply only to the lease of mineral rights and not to the provision thereafter inserted relating to the absolute sale of timber. The right of the purchaser to enter upon the premises in order to cut and remove the timber was a license incident to the sale and necessarily included therein by clear implication. 34 Am.Jur. § 43, page 520. No claim is made that the route designated in the McCracken & McCall contract is improperly, unfairly or injudiciously located.

The sale of such of the timber, as was purchased by Kentucky Ridge, to McCracken & McCall with license to enter at the place set out in the contract was not in violation of plaintiffs' contract with Kentucky Ridge. Bach v. Little, 140 Ky. 396, 131 S.W. 172.

■■ Plaintiffs' claim that the timber purchased by Kentucky Ridge under the contract of July 3, 1944, is limited to the timber which at that time measured 15 inches and over in diameter, 2 feet above the ground, and did not include any timber which thereafter, in the distant future, might grow to such dimension, seems to be a correct interpretation of the agreement.

It is undisputed that the provision of the contract of July 3, 1944, relative to the sale of the timber, was prepared by the president of Kentucky Ridge. It describes the trees subject to the sale to be timber "which measures" 15 inches in diameter and up 2 feet above the ground. The use of the present tense in thus describing the trees included in the sale is significant evidence of the intention of the contracting parties. If it had been intended to include all trees which thereafter might grow to the specified dimension within a period of 30 years it would have been a simple matter to have expressed such intention in apt language such as that employed in the contract of Kentucky Ridge with McCracken & McCall in which the designated dimensions of the trees sold are made applicable "at the time of cutting".

The mere fact that one of the factors considered by both parties during the negotiation which preceded the execution of the agreement was the prospect of thereby reducing the danger of disputes and controversies does not justify a construction of the contract which would, in effect, substitute terms not clearly shown to have been agreed upon by the contracting parties in the place of those set out in the writing which the parties executed and acknowledged as evidencing their agreement.

Under the Kentucky cases touching contracts involving the sale of growing trees, it has been consistently held that a description of trees as to usefulness or suitability without more, means as of the date of the contract and does not include such trees as by growth may later come within the description. Polley v. Ford, 190 Ky. 579, 227 S.W. 1007; Cool v. Blackburn, 291 Ky. 393, 395, 164 S.W. 2d 946; Evans v. Dobbs, 33 Ky.Law Rep. 1053, 112 S.W. 667.

"It is generally held that a provision as to the size or suitability of the timber refers to the time when the contract or grant was made, in the absence of anything to show a contrary intent." 34 Am.Jur. § 22, page 504; Union Bag & Paper Co. v. Mitchell, 5 Cir., 177 F.2d 909, 911, 912.

Application of this rule to the interpretation of the contract here in question seems to raise no insuperable difficulty in respect to the present identification of the trees covered by the contract by persons trained and experienced in the science of forestry. See, Fordson Coal Co. v. Garrard, 277 Ky. 218, 225, 125 S.W.2d 977, 121 A.L.R. 841.

To the extent that the contract of sale of September 22, 1953, entered into by Kentucky Ridge and McCracken & McCall purports to cover trees which did not measure 15 inches or more in diameter at 2 feet above the ground as of July 3, 1944, it should be adjudged void and defendant McCracken & McCall should be enjoined from cutting or removing any of such trees from plaintiffs' lands.

Judgment will be entered conforming to the views herein expressed.