**J. WALTER WRIGHT LUMBER COMPANY, Appellant,**

v.

**RED BIRD TIMBER CORPORATION, Appellee.**

Court of Appeals of Kentucky.

March 13, 1964.

As Modified on Denial of Rehearing
June 12, 1964.

James S. Greene, Jr., William R. Forester, Harlan, Denver Adams, Hyden, for appellant.

A. E. Cornett, Hyden, for appellee.

WILLIAMS, Judge.

This is an appeal from a judgment of the Leslie Circuit Court construing the provisions of a contract and deed.

By a contract of sale followed by a deed of conveyance executed in 1953, the Ford Motor Company sold to J. Walter Wright Lumber Company all the trees in excess of 16 inches in diameter standing on three tracts of land in Clay and Leslie Counties. Red Bird Timber Corporation acquired the rights and title of Ford Motor Company. The boundary of land consisted of approximately 8,000 acres and the timber thereon aggregated approximately 30 million board feet.

Both the contract and deed contain the following provisions:

"(5) That the Grantee shall, if necessary, have a maximum time for seven (7) years from and after June 30, 1953, in which to cut and remove said timber, but with the further understanding that in the event some circumstance entirely beyond control of said Grantee, and which might materially interfere with its operations hereunder should come to obtain it may, and upon proper showing to said Grantor of said circumstance or circumstances, have an additional time of one (1) year for the cutting and removal of said timber, but no further.

"(6) That notwithstanding the maximum time limit for the cutting and removal of said timber as immediately hereinbefore set out, it is hereby mutually agreed and understood that this sale and purchase contemplates the cutting and removal of said timber at as early a date as possible, and said Grantee hereby pledges to lend its full cooperation to that end. Also, it is further agreed and stipulated that when the timber embraced by this conveyance standing on any particular tract or branch watershed area has been cut and removed, all timber harvesting rights herein granted to such particular tract or watershed area shall thereupon automatically terminate."

The appellant, J. Walter Wright Lumber Company, entered into a logging contract with third persons granting them the right and privilege of felling, sawing into log lengths, and delivering to appellant's sawmills all the timber standing on the boundary in question. Two sawmills were erected for the purpose of sawing the timber cut from the boundary. From 1953 to 1960 sawmills were operated on an average of about nine months out of each year.

On January 27, 1957, there was an unusually high flood on the river and its trib-utaries within this boundary of land. Extensive damage was done to the county roads and two bridges in the area. During the winter and spring of 1959–60, there was severe weather and unusually heavy snow. In July 1959 one of appellant's sawmills was destroyed by fire, and 60 days were required to rebuild.

Appellant had closed its sawmills on December 1, 1956, and did not reopen them until March 30, 1957. The high water heretofore mentioned occurred during that intervening period. Its sawmills were not in operation from December 24, 1959 until April 16, 1960, and it was during that intervening period that the severe weather occurred.

During the last five years of the contract period appellant did little if any logging during the winter months. During this time there were other sawmills operating in the general area with little loss of time, including the bad weather months of 1959–60 and the high water year of 1957.

In December 1955, appellant purchased another boundary of timber containing about four million board feet. Personnel were removed from this boundary to the new site, which was logged within the time provided for in the contract and deed under consideration.

At the end of the seven-year term set out in the contract and deed there remained 250 acres to be logged, consisting of approximately one and one-half million board feet.

The above is a résumé of the facts as found by the Leslie Circuit Court.

Appellant attempted to show that both parties realized conditions would have to be favorable to remove all the timber from this boundary within seven years. Appellant had requested a period of ten years. It now claims that as a compromise between the ten years requested and the seven years demanded it was agreed that the initial term would be seven years, with an extention of time of one year. in the event cir-

cumstances entirely beyond appellant's control might materially interfere with its operation. It maintains that in light of testimony concerning preliminary negotiations, the language of the contract and deed entitled it to the additional time, and that no right to grant or deny the additional time was reserved in the grantor.

But by the express terms of the contract and deed the maximum time for cutting and removing the timber was seven years and appellant agreed to lend its full cooperation to the end of completing the job as soon as possible. The clear provisions of the contract and deed leave no doubt that the one year extension would be granted only in conformance to the strict reservations in the contract and deed. Parol evidence will not operate to vary or contradict an unambiguous written contract. See Blevins v. Riedling, 289 Ky. 335, 158 S.W.2d 646.

Appellant's failure to diligently pursue its business was the principal cause of the failure to cut and remove the timber within the time allotted. Appellant was not operating its sawmills at the time of the flood in 1957, and did not commence operations until long after the roads were cleared and the bridges repaired. The same is true of the severe winter weather which occurred in 1959–60. There is some testimony to the effect that appellant's loggers worked during the winter months, but at the same time some of these men were receiving unemployment compensation checks. The sawmill which burned in 1959 was rebuilt in 60 days. Other loggers and mills worked during the winter months which appellant apparently did not do. Personnel were removed from this area to another area during the time the contract and deed were in force.

Had appellant pursued its business as was contemplated by the contract and deed, it could have cut and removed the timber within the time allotted. The quoted provisions of the contract and deed clearly reflect the intent of the parties that the timber should be removed as quickly as possible. Even though it might be said that one would not anticipate such a severe flood, such severe weather, or that a sawmill would burn, nevertheless the happening of those circumstances was not the primary reason appellant failed to cut and remove the timber within the prescribed time.

Appellant acquired title only to such timber as was cut and removed during the seven-year period. See Ream v. Fugate, 265 Ky. 463, 97 S.W.2d 11. The conditions which existed during that period did not materially affect appellant in its operations, and appellant did not use the diligence required by the contract and deed in removal of the timber.

The judgment is affirmed.