## CHARLES L. ORTMANN V. FIRST NATIONAL BANK OF MONROE.

### *Forfeitures.*

A man made a land-contract with a bank on which a certain sum was to be paid down, but wishing to obtain an extension of 30 days, he left in the cashier's hands a note, payable to his own order, and signed a separate agreement in which the cashier acknowledged that he held the note "as a forfeiture for the performance" of the land contract, and declared that if the said contract was carried out within thirty days the note should be returned; otherwise it should be forfeited. Just before the thirty days expired the purchaser obtained from the bank for a money consideration a second extension, but on the expiration of the first extension the cashier turned the note over to the bank as forfeited. *Held* that the purchaser could maintain trover for the note against the bank. The condition of forfeiture was discharged by the second extension on a new consideration, and there was nothing left for the agreement, by which the note was held in escrow, to act upon.

Conditions of forfeiture, if valid at all, are limited by the strict terms of the contract, and cannot be enlarged under any rule of law.

Error to Monroe. Submitted June 22. Decided June 27.

TROVER. Plaintiff brings error. Reversed.

*De Forest Paine* for appellant.   A pledge is a bailment of personal property as security for some obligation: Story on Bailments § 286 ; "once a pledge always a pledge" is as true as "once a mortgage always a mortgage :" *Hart v. Burton* 7 J. J. Marsh. 322 ; the stipulation to forfeit in this case is unconscionable and void : Story on Bailments § 345 ; Edw. on Bailments, §§ 250, 283 ; *Williamson v. Culpepper* 16 Ala. 211 ; *Lucketts v. Townsend* 3 Tex. 119, 132 ; *Kingsbury v. Phelps* Wright (Ohio) 370 ; see *Dorrill v. Eaton* 35 Mich. 302 ; where the parties themselves treat a provision as a penalty, it should require very strong evidence to authorize the court to say that their own words do not express their own intention : *Tayloe v. Sandiford* 7 Wh. 17 ; Sedgwick on Damages 516 ; if there is any doubt about what the parties intended, it should be construed as a penalty : *Higginson v. Weld* 14 Gray 173 ; *Smith v. Wainwright* 24 Vt. 102 ; see *Howard v. Hopkyns* 2 Atk. 371 ; *Robinson v. Cathcart* 2 Cranch C. C. 599.

*Grosvenor & Landon* for appellee.   The words liquidated damages, penalty, forfeiture and other similar expressions, are not conclusive as to the character of the sum stipulated to be paid, which is to be determined from the subject matter of the agreement, the surrounding circumstances, &c. : *Jaquith v. Hudson* 5 Mich. 138; *Davis v. Freeman* 10 Mich. 188 ; *Daily v. Litchfield* 10 Mich. 29 ; *Trustees &c. v. Walrath* 27 Mich. 232 ; *Richardson v. Woehler* 26 Mich. 90 ; a delivery of the land-contract or note in this instance contrary to the terms of the trust, would have been void and given no rights to the parties obtaining either of them : *Abbott v. Alsdorf* 19 Mich. 157 ; *Wheelwright v. Wheelwright* 2 Mass. 447 ; 2 Washb. R. P. 585.

CAMPBELL, J.   Plaintiff brought trover for a note appropriated by defendant under the following circumstances : On the 6th of June, 1879, plaintiff entered into a written contract to buy a large tract of land from defendant for $12,000, payable $4000 down and the remainder in one and two years, with interest at 7 per cent.   Being desirous

of getting 30 days' time on the first payment, the papers were left in escrow with Mr. Wing, and plaintiff put in the hands of Gen. Spaulding, who was cashier of the bank, the note in question for $566.36, made by Charles Lee to plaintiff's order, dated February 21, 1879, payable 2 years from date. A written document dated June 6, 1879, was made, signed by plaintiff and Spaulding, whereby Spaulding acknowledged that he held it " as a forfeiture for the performance " of the land contract, and declared : " If said contract is perfected and carried out by said C. L. Ortmann within the period of 30 days from the date above written, then said note shall be returned to said C. L. Ortmann, otherwise said note is forfeited to the First National Bank of Monroe, Michigan."

Just before the 30 days expired, Ortmann paid the bank $46.66, in consideration of which the time for making the $4000 payment and delivery of the contract to him was extended until the end of a second period of 30 days. There is some variance in the testimony concerning any further extension. The note was given by Gen. Spaulding to the bank and appropriated.

The court below held the note became the property of the bank at the expiration of the extension, and directed a verdict for defendant.

We think this was erroneous. The forfeiture, or whatever else it may be properly called, was confined by its terms to a failure by Ortmann to complete his contract and preliminary payment in 30 days. It formed no part of the land contract, but was an independent security to provide for its acceptance and payment of its first instalment by a day mentioned. Before that time arrived this condition was discharged by a new contract of extension on a new money consideration. There was nothing left for this agreement, whereby the note was left in pledge or escrow, to act on. No new dealings were secured by it, and its force was spent. There is no rule of law which will enlarge a forfeiture. If valid at all, it can only be according to the

strict terms of the contract.    The bank had no right to it, and is liable for its conversion.

There are some other questions which might be important if this note could be regarded as covering the extension. It is at least open to argument as to what extent it could be considered as a liquidated security or compensation for such period as it covered, so as to preclude further inquiry.    But this ceased to become important when the security ran out. Other points of interest may also be passed by for the same reason.

The judgment below should be reversed with costs and a new trial granted.

The other Justices concurred.