SMALL *v.* ROBARGE.[1]

1. CONTRACT FOR SALE OF TIMBER—FORFEITURE.

Where plaintiff's testator, who had sold defendant all the cedar timber on certain lands under an agreement that it should not be cut before the pine timber, which he was cutting for another person, and that all cedar not cut before a certain date should revert to him, failed to cut the pine by the date mentioned, plaintiff could not enforce a forfeiture of the cedar standing in the pine timber.

---

[1]Rehearing denied April 7, 1903.

2. SAME—NONSEVERABLE CONTRACT.
   Neither could plaintiff in such case enforce a forfeiture of
   cedar not standing in the pine, and not cut on that date, as
   the right to insist on a forfeiture was not severable, and the
   performance of defendant's obligation was conditioned on the
   performance of the obligation of plaintiff's testator.

3. FORFEITURES—CONSTRUCTION.
   Stipulations for forfeiture are not favored, and will be strictly
   construed.

Error to Cheboygan; Shepherd, J.   Submitted February 4, 1903.   (Docket No. 69.)   Decided March 5, 1903.

Replevin by Julia A. Small, executrix of the last will and testament of Robert B. Small, deceased, against Middie E. Robarge.   From a judgment for plaintiff, defendant brings error.   Reversed.

*Cross & Harpster* and *Charles R. Henry*, for appellant.

*Frost & Sprague*, for appellee.

CARPENTER, J.   On the 1st day of August, 1899, plaintiff's testator and defendant entered into a written contract, whereby, for the sum of $2,000, then paid, defendant purchased from said plaintiff's testator "all of the cedar timber now standing, lying, or being on" certain lands, described by their sectional location, and as "being the same land which first party [Small] is lumbering for the Cleveland Sawmill & Lumber Company."   Said contract contained this provision:

"It is expressly understood and agreed by and between the parties hereto that said cedar timber shall not be cut on said land ahead of the pine timber, which is now being cut by first party [plaintiff's testator] thereon, and that said timber shall be cut before August 20, 1900, and that all timber left standing at that time shall revert to said first party."

Plaintiff's testator had purchased this standing cedar on the 31st day of July, 1899, for the sum of $600, from said

Cleveland Sawmill & Lumber Company, by a written agreement, which was silent as to when the same was to be removed, but which obligated him "not to remove the cedar so as to endanger their white and Norway pine by fire." Said Small was lumbering said land in pursuance of a written contract made October 11, 1898, by which McIntosh & Small (a partnership composed of plaintiff's testator and one Anselm McIntosh) agreed with said Cleveland Sawmill & Lumber Company "to cut, haul, and deliver on cars * * * all of the white pine and Norway timber lying and being on" the land in question, and to complete their contract "not later than the 20th day of August, 1900." Said Robert B. Small died June 13, 1900, and consequently the work of cutting the pine timber was suspended for some time, and was not completed until April, 1901. Defendant, Robarge, did not cut all the cedar on said land before the 20th of August, 1900. He proceeded after said date and cut a large quantity, some of which was standing among the pine, and some of which, apparently, was remote therefrom. On the claim that the standing cedar reverted to plaintiff on August 20, 1900, this replevin suit was instituted, and on May 10, 1901, cedar to the value of $4,381.45 was seized under the writ. Upon the defendant's executing a bond, this cedar was returned to him. The learned trial judge in effect directed the jury to return a verdict for the plaintiff for all the cedar cut after August 20, 1900, leaving to them the question of value (which they found to be as above stated), and the question before us is whether or not this decision was correct.

The only question which we think necessary to consider is whether or not the cedar standing on said land August 20, 1900, ceased to be defendant's property, though the pine timber thereon was not yet cut. It is manifest that the contract intended to transfer to defendant the title to all the cedar standing and lying on the land. While it required him to cut the same before the 20th of August, 1900, it prohibited that cutting ahead of the pine timber,

which, it will be noted, by the contract between plaintiff's testator and the Cleveland Sawmill & Lumber Company, was to be removed by the 20th of August, 1900. It surely was not intended that defendant should lose his cedar because plaintiff's testator defaulted in his contract to remove the pine. It is therefore clear that cedar standing on said land August 20, 1900, which, according to the contract, could not be cut, by reason of the failure of plaintiff's testator to cut the pine, did not revert to the estate of plaintiff's testator.

It is said that defendant should get no benefit from this construction, because the evidence shows that he did not regard the prohibition, but cut cedar ahead of the pine. It is a sufficient answer to this contention to say that plaintiff's right to insist upon a forfeiture must rest entirely upon the contract. No departure from the contract would enlarge that right, or give an additional right. The construction of the contract, then, and not conduct violating it, will determine whether or not defendant has forfeited his cedar.

It remains to be determined whether the cedar uncut August 20, 1900, and not standing among pine timber, reverted to the estate of plaintiff's testator. It is obvious that defendant was not prevented from cutting this cedar by the failure of plaintiff's testator to remove the pine. It is, however, to be borne in mind that stipulations for forfeiture are not favored, and are to be strictly construed. *Ortmann* v. *Bank,* 49 Mich. 56 (12 N. W. 907); *Sherlock* v. *Thayer,* 4 Mich., at page 359 (66 Am. Dec. 539); *Wilcox* v. *Allen,* 36 Mich., at page 169; *Miller* v. *Havens,* 51 Mich., at page 485 (16 N. W. 865). It is altogether equitable that this principle should apply to this case, where the estate represented by plaintiff seeks to recover $4,500 for property which cost it only $600, and for which it has already received $2,000. It is impossible to find, in the agreement upon which the rights of the parties are based, any intent that there should be several forfeitures of this timber. Nothing in the contract indi-

cates that part of the cedar should revert at one time and part at another. As we construe the contract, the parties intended that at a certain time all cedar left standing should revert, and that until that time it belonged to defendant. While the contract expressly obligated defendant to cut the cedar by August 20, 1900, it also, by necessary implication, obligated plaintiff's testator to remove whatever pine must be removed to enable him to perform this obligation. The performance of defendant's obligation was conditioned upon the performance of the obligation of plaintiff's testator. Plaintiff could not, then, insist upon a forfeiture until the obligations resting upon her testator had been performed. We conclude, therefore, that none of the cedar reverted, so long as any of the standing pine prevented defendant, under the terms of his contract, cutting any of the cedar sold to him.

Judgment will be reversed, and a new trial ordered.

HOOKER, C. J., GRANT and MONTGOMERY, JJ., concurred. MOORE, J., did not sit.