FELDER, administrator, *et al. v.* OLDHAM; *et vice versa.*

Nos. 15256, 15257.   OCTOBER 5, 1945.

824

*A. H. Gray,* for plaintiffs in error.
*Bennet, Peacock & Perry,* contra.

WYATT, Justice. ■ We consider first the ruling on the general demurrer to count one of the petition. This count in effect seeks an extension of time, for a reasonable length of time, beyond the four-year limitation contained in the contract, in which to remove the timber from the land. The reasons alleged as a basis for this extension are that, because of war conditions, and the consequent shortage of labor, coupled with the alleged acts and conduct of the owner of the land, the purchaser of the timber, through no fault of his, was unable to remove the timber within the four-year period. Does the fact that this country, subsequently to the execution of the contract, became engaged in war, which caused a labor shortage, entitle the purchaser of the timber to the relief sought? The defendants in error in their brief concede that this question has not been decided by the Georgia courts. 34 Am. Jur. 515, § 36, is cited. This text authority simply states that an exten-

sion of time for removal sometimes results by operation of law in case the removal is interfered with by an act of God, act of the seller, or some unforeseen casualty or misfortune over which the purchaser had no control. If war can be considered an act of God, this contention is correct. See the Code, § 20-1102. We deem it sufficient to say that the terrible war in which this country has been engaged can in no sense be said to be an act of God. It was not the act of the seller of this timber. Neither do we think, in the light of human history, that it can be said that war is an unforeseen casualty; on the contrary, war is something which may be anticipated, as unpleasant as it is to do so, and against which parties can protect themselves by contract. 38 C. J. 174, §§ 55, 56, is cited. What has been said above applies with equal force to this text authority. Our attention is called to Taylor Brown Timber Co. v. Wolf Creek Coal Co., 32 Ky. Law Rep. 1015 (107 S. W. 733), Small v. Robarge, 132 Mich. 356 (93 N. W. 874), Ford Lumber & Mfg. Co. v. Cress, 132 Ky. 317 (116 S. W. 710), and Fish v. Murrell, 219 Ky. 153 (292 S. W. 1096). We find nothing in either of those cases that alters the rule laid down in the text authority cited; that is, in order to obtain the relief here sought, it must be alleged that the purchaser of the timber was prevented from removing the timber, within the time specified in the contract, by an act of God, the act of the seller, or unforeseen casualty or misfortune. The case of United States v. W. T. Mason Lumber Co., 172 Fed. 714, 720, is relied upon by the defendant in error. That case is entirely different on its facts from the instant case. There the right to remove logs already cut was involved, and there the seller itself caused the delay in cutting the timber; not so in the instant case.

We conclude that count one of the petition fails to set out a cause of action, and the court erred in not sustaining the general demurrer to this count. Since we have held that this count should have been dismissed on general demurrer, it becomes unnecessary to rule on the special demurrers to this count.

■ Count two of the petition was demurred to generally on the grounds: 1. The petition sets forth no cause of action. 2. It does not allege that any payment or tender of payment has been made to the heirs at law. 3. The right to renewal upon payment of $250 attempts to create a perpetuity. 4. The allegations show no legally sufficient reason for a failure to remove the timber.

The ruling on the general demurrer to count one would control the ruling as to the general demurrer to count two, except for the additional allegations quoted in the statement of facts preceding this opinion. We are called upon to determine what rights as to renewal the purchaser of the timber obtained by the inclusion in the contract of sale of the following provisions: "If the party of the second part, at the expiration of the term of this lease, shall have not been able to cut and remove the timber and lumber from the above-described premises, then in that event he shall have the right to renew this lease from year to year for the additional sum of $250." We have had considerable difficulty in reaching the conclusion that either party to this contract could derive any right or benefit from a clause so general and indefinite in its terms. While the provision of the lease above quoted uses the word "renew," we think that the clause, construed as a whole, gave to the purchaser, not the right to "renew," but the right to "extend" the time of the contract for twelve months upon the payment of $250.

"As a general rule, in construing provisions relating to renewals, where there is any uncertainty, the tenant is favored, and not the landlord, because the latter, having the power of stipulating in his own favor, has neglected to do so, and also upon the principle that every man's grant is to be taken most strongly against himself." 16 R. C. L. 884, § 388. See also 32 Am. Jur. 809, § 962.

This court has held, where timber is sold without any stipulation as to the time in which it is to be cut and removed, that the purchaser has a reasonable time for such purpose. *Lufburrow* v. *Everett*, 113 *Ga.* 1054 (39 S. E. 436). Applying the above rules of law, it appears that the parties could contract for an extension of time for a period of twelve months upon the payment of $250.

Whether or not the purchaser used reasonable diligence in his efforts to cut and remove the timber during the four-year period would be a question of fact to be determined by a jury.

The argument is made that the general demurrer should have been sustained for the reason that the $250 was tendered to the administrators and not to the heirs at law. There is no merit in this contention, for the reason that the Code, § 113-1525, provides: "The administrator, as far as possible, shall fulfill the executory

and comply with the executed contracts of the decedent, and he shall have a corresponding right to demand the same of the parties contracted with."

Ground three of the demurrer was expressly abandoned.

■ The plaintiff in error, by special demurrer, raised the question that there was a misjoinder of parties, contending that the suit could not proceed against both the administrators and the heirs at law. The trial court overruled this special demurrer. We have held in this case that the tender of $250 for the purpose of extending the contract was properly made to the administrators. It of course follows that the administrators were proper parties. Were the heirs at law proper parties? As early as 1848, this court said: "All persons interested in the decree to be rendered should be made parties to the bill, that the court may do complete justice, and that future litigation may be prevented." *Wells* v. *Strange,* 5 *Ga.* 22. This ruling has been consistently followed by this court. See *Gilmore* v. *Johnston,* 14 *Ga.* 683; *Peoples Bank of Calhoun* v. *Harry L. Winter Inc.,* 161 *Ga.* 898 (132 S. E. 422); *Hermann* v. *Mobley,* 172 *Ga.* 380 (158 S. E. 38); *Gormley* v. *Wilson,* 176 *Ga.* 711 (168 S. E. 568); *Huey* v. *National Bank of Fitzgerald,* 177 *Ga.* 64 (169 S. E. 491); *Goodroe* v. *C. L. C. Thomas Warehouse,* 185 *Ga.* 399 (195 S. E. 199); *Benton* v. *Turk,* 188 *Ga.* 710 (4 S. E. 2d, 580); *Mims* v. *Lifsey,* 192 *Ga.* 366 (15 S. E. 2d, 440). Certainly the heirs at law in the instant case are "persons interested in the decree to be rendered." The trial court properly overruled this special demurrer.

■ The petition alleged in several paragraphs what were contended to be simply circumstances at the time the contract was executed and during the period of its operation, the substance of these allegations being that Felder was aware of Oldham's limited financial means; that the timber on the tract in question could not be cut, and the balance of $15,000 paid, unless Oldham cut other timber of different dimensions and quality, at the same time he cut timber under the contract, to meet specifications furnished by his customers; that Felder obtained, by virtue of this lease, a greater price for the timber than he could otherwise have obtained; that after the contract in question was executed, Felder made a loan of $7000 to Oldham, knowing that the money was to be used to purchase a large tract of timber in Alabama to be cut simul-

taneously with the timber here in question; that the cutting of the Alabama timber has been completed, and the $7000 repaid. These allegations were stricken on special demurrer, and the defendant in error by cross-bill excepted to this ruling.

These allegations were properly stricken on special demurrer. We have here for consideration a question of proper pleadings, and not a question of the admissibility of evidence.

*Judgment on the main bill reversed in part and affirmed in part. Judgment affirmed on the cross-bill. All the Justices concur, except*

Bell, C. J., who concurs specially as to the rulings on the main bill of exceptions, and dissents from the ruling on the cross-bill.

BELL, Chief Justice. (Concurring in part and dissenting in part.) I concur in the conclusion reached in division 1, to the effect that count one of the petition did not state a cause of action; and while my views may not be actually different from those of my associates, there are certain reservations that I would like to make in express terms with respect to my position.

The Code, § 20-1102, declares: "If such a performance is impossible, and becomes so by act of God, such impossibility is itself a defense equivalent to performance; but if, by proper prudence, such impossibility might have been avoided by the promisor, it ceases to be an excuse for nonperformance." This principle seems to be defensive only, that is, one excusing nonperformance, and might or might not operate affirmatively so as to extend the time for exercising a right. The plaintiff here is seeking the latter application.

The opinion as delivered holds, and correctly so, as I think, that war is neither an act of God, nor a casualty or misfortune that could not be anticipated. This being true, the case necessarily falls, and it is therefore unnecessary to determine whether, if a lessee under such a lease should be actually prevented by an act of God, or by some unforeseen casualty or misfortune, from removing the timber within the period stipulated, the time for removal would be extended by operation of law.

Accordingly, I expressly reserve opinion on the questions indicated.

I concur without qualification in the rulings contained in divisions 2 and 3, relating to count 2.

I dissent from the ruling in division 4, relating to the same

count. I think that the allegations were relevant on the question whether the plaintiff had used the proper diligence to remove the timber within the original term, and that they should not have been stricken.