## DUNBAR v. FULLER.
### No. 10091.

Court of Civil Appeals of Texas. Austin.
Nov. 26, 1952.

Rehearing Denied Dec. 17, 1952.

Sanford, King, Estes & Cantwell, Joe E. Estes and W. D. Masterson, Jr., all of Dallas, for appellant.

Lane & Savage by Michael J. McCloud, Jr., all of Dallas, for appellee.

ARCHER, Chief Justice.

Plaintiff filed this suit against defendant alleging that defendant had breached an alleged contract duty to convey an overriding royalty interest to plaintiff and praying for specific performance. Defendant denied such breach. Impossibility of performance was alleged as an additional defense. Plaintiff filed a Motion for Summary Judgment under Rule 166–A Texas Rules of Civil Procedure. Defendant filed a contest to said motion and also his own Motion for Summary Judgment. Thus each party contended that he was entitled to judgment as a matter of law, there being no disputed fact issues. The court after hearing argument granted plaintiff's Motion for Summary Judgment and refused defendant's Motion for Summary Judgment.

The appeal is from the judgment of the court and is based on four points and are to the effect that the court erred in holding that defendant breached his contract, and that even if he had not complied with the contract such compliance was excused because of impossibility of performance, and that the court erred in holding that the plaintiff was entitled to 1/64th of 7/8ths of the gross production, since in any event the plaintiff would only be entitled to 1/64th of 7/8ths of 1/16th of gross production, and finally that plaintiff's remedy was for damages and not for specific performance.

The last contention was not pleaded as a defense, but was raised in an affidavit attached to defendant's contract, which set forth the amount which plaintiff would have received in royalties on either of the fractional interest bases.

By a contract dated February 23, 1950, appellee Fuller conveyed to appellant Dunbar an undivided 1/16th interest in and to an oil and gas lease, reserving an undivided 1/32nd overriding royalty of 7/8ths production. Appellant agreed to drill a well at his expense within thirty days after a valid, final and unappealable permit to drill was obtained from the Railroad Commission. Provision was made that in the event appellant failed to drill within six months from the date of the contract, the title to said 1/16th of 7/8ths should revert to appellee. Appellant further agreed to reassign to appellee an additional overriding royalty interest of 1/64th of 7/8ths of the oil and gas and casinghead gas from the said 2-acre tract unless the appellant should commence operations for the drilling of a second well within thirty days after the completion of the first well plus the additional time required to secure a valid final permit to drill a second well from the Railroad Commission. Appellant drilled and completed the first well on or about April 15, 1950, and obtained a final permit to drill the second well on or about July 11, 1950, from the

Commission and from which no appeal was taken.

The second well was not started until in February, 1951, and put into production March 12, 1951.

The provision of the contract which is involved in this litigation is as follows:

> "It is further specially agreed that Assignee contemplates that he may (but is not obligated to) drill a second well upon the assigned premises if he may be legally permitted to do so, and it is hereby expressly agreed that Assignee herein will execute and deliver to Assignor herein a reassignment covering an additional overriding· royalty interest (out of the interest which Assignee receives under this assignment) of one-sixty-fourth of seven-eighths (1/64th of 7/8ths) of the oil, gas and casinghead gas in and under and that may be saved, produced and marketed from the property herein conveyed, free and clear of all costs and expenses of development except taxes unless within thirty (30) days after the expiration of a period of time which shall include thirty (30) days after the completion of the first well which may be drilled hereunder plus the additional time required for obtaining a valid final, unappealable permit to drill a second well from the Railroad Commission of Texas, Assignee, Blaine Dunbar shall commence operations for the drilling of a second well in search of oil and gas on said 20-acre tract and thereafter prosecutes the drilling of said second well in a good and workmanlike manner to a depth of 3,700 feet from the surface, unless the Woodbine formation is encountered at a lesser depth. If said second well is so drilled then Assignee shall not reassign to Assignor the additional 1/64ths of 7/8ths overriding royalty interest provided for in this paragraph."

■ The permit to drill a second well was secured from the Railroad Commission on July 11, 1950, and no suit was or has been filed in the District Court of Travis County to test the validity of the permit.

The order of the Commission granting the permit is prima facie valid, and the burden of proving its invalidity is placed on the party challenging it. Sec. 8 of Art. 6049c, Vernon's Ann.Civ.St.; Tex.Jur., Vol. 31–A, pp. 762.3 and 762.4.

■ The statute does not fix any time within which a rule, regulation or order of the Commission relating to conservation of oil or gas or drilling permits must be brought under review by the courts, but there should not be unusual delay, but should be done with reasonable diligence. Midas Oil Co. v. Stanolind Oil & Gas Co., 142 Tex. 417, 179 S.W.2d 243.

The permit having been granted by the Commission to drill the second well on July 11, 1950, and no motion for a rehearing having been filed and no appeal having been taken, the permit became final fifteen days thereafter, and the thirty day period provided for in the contract would have expired on or about August 27, 1950.

■ We believe that the appellant, defendant below and assignee in the contract, bound himself to execute and deliver to the appellee, plaintiff below and assignor in the contract, a reassignment of 1/64th of 7/8ths of the oil, gas, etc., that might be saved, etc., from the property, in the event the assignee failed to commence operations for the drilling of a second well as set out in the contract, and that since he failed to commence operations for the drilling of the second well that he should have reassigned the overriding royalty interest stipulated in the contract, and that the trial court was justified in rendering the judgment for plaintiff and in denying the motion of defendant.

■ We believe the contract specified the time limits in which certain acts were to be performed or a reassignment of the interests must be made. Tex.Jur., Vol. 31–A, p. 124, Sec. 71; Gilliland v. Kimbrough, Tex.Civ.App.1941, 146 S.W.2d 1101.

In Magnolia Petroleum Co. v. Storm, 239 S.W.2d 437 (error ref.), the Court held that parties to a contract are bound by its plain terms, and their intentions are to be ascertained from the language of the contract

itself and not from what they supposed it to contain.

The contention of the appellant that he began to attempt to procure the necessary equipment for drilling, and thereby "commenced operations" to drill the second well cannot be sustained.

In Texas Jurisprudence, Vol. 31–A, page 265, section 154, it is stated:

"Time being of the essence of oil and gas leases, the lessee must commence development operations on or before the day designated in the drilling clause, (Citing Cowden v. Broderick & Calvert, 1938, 131 Tex. 434, 114 S.W.2d 1166, 1169, 117 A.L.R. 61, affirming, Tex.Civ.App.1937, 108 S.W. 2d 562 and other cases) and the development so begun must be continued in accordance with the terms of the condition which delimits his estate."

The acts of the lessee were pleaded in full. It became a matter of law for the trial court to determine whether such act of trying to locate pipe without further physical acts, such as digging a slush pit, erecting buildings, moving machinery, spudding in, or any other such act is "commencement of operations" within the intent of the parties within the terms of the contract. We believe not, and believe the trial court was authorized as a matter of law to determine, as he did, that the acts in question were not a commencement of operations.

Summers on Oil & Gas, Perm.Ed. Vol. 2, p. 256, sec. 349.

We do not believe the appellant can be excused in delaying the drilling of the second well because it was impossible to secure piping, etc., within the time limit set out in the contract.

No provision is expressed in the contract concerning war. An affidavit made by Mr. Eubanks that he could not supply the appellant with pipe and other material because of the outbreak of war, and because of the order and regulations of the Petroleum Administration Department was before the court.

The affidavit stated that he could not supply appellant with pipe with which to drill the second well because of such regulations, but such regulations were not in effect until October 3, 1950, which was in excess of thirty days after the time limit provided for in the contract had expired.

The appellant is an experienced oil well driller of more than fifteen years, and knew of his requirements for a considerable time in advance of the drilling date prescribed in the contract and is not excusable for his failure to perform the contract, and cannot avail himself of this defense. 10 Tex.Jur. 432, et seq., secs. 249 and 250, and cases cited. Levy Plumbing Company v. Standard Sanitary Mfg. Company, Tex.Civ.App., 68 S.W.2d 273, error ref.; Oldham v. Felder, 199 Ga. 820, 35 S.E.2d 497, 164 A.L.R. 415; Cotherman v. Oriental Oil Co., Tex.Civ. App., 272 S.W. 616.

We believe that the appellant was obligated to reconvey, if he did not drill the second well within the time limits set by contract, an overriding royalty of an undivided 1/64th of 7/8ths interest in and to the oil, gas, and casinghead gas in and under the property conveyed by the contract, and not 1/32nd of 7/8ths of 1/16th as is contended for by appellant.

The contract provided:

"* * * deliver to assignor herein a reassignment covering an additional overriding royalty interest (out of the interest which assignee (appellant) receives under this assignment) of one-sixty-fourth of seven-eighths (1/64th of 7/8ths) of the oil gas etc."

The judgment of the trial court is affirmed.